MELVIN, WOODROW M., Sr., Associate Judge.
The subject appeals seek reversal of a final judgment entered by the trial court in the mechanic’s lien foreclosure suit brought by Kinard Enterprises, Inc., a Florida corporation, hereafter referred to as the contractor, against J. MARVIN JOHNSON and wife, SYLVIA W. JOHNSON, hereafter referred to as the owners.
The contractor, by written contract, engaged and agreed to construct for the owners on their property a raceway for automobiles, for a total consideration of *594 $52,000.00, payable in three progress payments. After the project had begun, and the owners had paid the contractor $12,000.00 thereon, the owners were dissatisfied with the contractor’s alleged improper performance under the contract as to quality standards and inferior and unacceptable workmanship.
Thereupon the contractor filed its suit to foreclose its claimed materialman’s lien under the construction contract, and for payment for extra work pursuant to a verbal contract between the parties. The owners answered.
The owners by their answer presented the affirmative defense that the work done and materials furnished by the contractor were completely unusable. The owners further counter-claimed against the contractor for breach of contract, alleging that the contractor had proceeded with the project by use of defective and improperly mixed concrete, had negligently and improperly prepared the stabilized base with the result that the paving surface was uneven, and began to crack. Owners allege that the contractor refused their demand to correct the defects and thereupon the owners stopped the project.
The owners further alleged that it was necessary for them to employ a competent contractor to tear up and rebuild those portions of the track which was unusable, and to complete the contract, for all of which the owners demanded damages from the contractor, and demanded trial by jury.
The trial court ordered that the owners’ counter-claim would proceed first, and a jury trial resulted in a verdict in favor of the owners and against the contractor in the sum of $60,000.00.
Thereafter, counsel for the parties stipulated that for the disposition of the contractor’s materialman suit, and the owners’ defense thereto, the trial court could consider all testimony given at the jury trial on the owners’ counterclaim, and that additional testimony, if desired, may be offered by either party.
Upon considering all of the testimony before the Court in the foreclosure case, the Judge, sitting as the Judge of the law and the facts, found that the owners had paid the contractor $12,000.00 on the contract, and that the contractor had only earned $3,208.00 for separate work performed on an oral contract. Implicit in that finding is the conclusion that the contractor had been overpaid at the bringing of his suit. Thereupon the chancellor computed the owners’ damages incident to reconstruction of the track by entering judgment against the contractor for the difference between the original contract price, and the new completion cost in the sum of $60,000.00 to the owners, and for the $12,000.00 paid on the contract, less $3,208.00 earned by the contractor for extra work. The Court allowed the owners, as the prevailing parties, an attorney fee in the sum of $7,000.00.
The contractor assigns as error the refusal of the trial court to allow it an attorney’s fee incident to its materialman’s suit. Section 713.29, Florida Statutes, provides that the prevailing party in a materi-alman’s lien foreclosure action shall be entitled to allowance of a reasonable attorney fee. In no sense did the contractor prevail. Under the findings of the Court, the contractor was overpaid and owed money to the owners.
We next consider the contractor’s assignment of alleged error in the ruling of the trial court allowing the owners an attorney’s fee in the sum of $7,000.-00. The reasonableness of the fee is not challenged. The challenge goes to the alleged lack of authority to assess any attorney fee to the owner. The contractor urges that the owners may not be allowed an attorney’s fee for the successful prosecution of his counter-claim. With this contention we agree, but that does not dislodge the owners from their right to pay *595 ment of a reasonable attorney's fee incident to their successful resistance to and defeat of the contractor’s lien foreclosure action. See Jackson v. Hatch, Fla.App., 288 So.2d 564, 566. The owners, who had overpaid the contractor, were the prevailing parties within the clear language of Section 713.29, Florida Statutes.
We have considered the remaining points presented by the contractor and the owners and find them to be without merit.
Finding no reversible error, the final judgment appealed from is affirmed.
RAWLS, C. J., and BOYER, J., concur.