362 So.2d 1014 (1978)
John S. WINNIE and Elizabeth Ann Winnie, His Wife, and Frank Sarver, D/B/a Craftman Builders, Inc., Appellants,
v.
John BUCKHALTER, D/B/a Buckhalter Heating and Air Conditioning, Appellee.
No. HH-498.
District Court of Appeal of Florida, First District.
October 3, 1978.
*1015 Herbert M. Webb, Gainesville, for appellants.
No appearance for appellee.
BOYER, Judge.
This is an appeal from an order which denied attorney's fees under Section 713.29, Florida Statutes (1975). Buckhalter brought suit against Winnie to foreclose a mechanics' lien. Winnie answered denying that the mechanics' lien law had been complied with and counterclaimed for damages alleging in part a material breach of contract. The trial court determined that neither party had established his claim by a preponderance of the evidence. Further, the trial court held that each party should be responsible for his own attorney's fees.
Section 713.29, Florida Statutes (1975) of the mechanics' lien law provides:
In any action brought to enforce a lien under part I of this chapter, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, to be determined by the court, which shall be taxed as a part of his costs.
Winnie was entitled to recovery of attorney's fees under Section 713.29 as the prevailing party since he successfully resisted the mechanics' lien foreclosure action and was not found otherwise liable for damages in the same case. See, e.g., Charter Development Corp. v. Eversole, 342 So.2d 143 (Fla.1st DCA 1977); Falovitch v. Gunn & Gunn Construction Co., 348 So.2d 560 (Fla.3d DCA 1977); Mardan Kitchen Cabinets, Inc. v. Bruns, 312 So.2d 769 (Fla.3d DCA 1975); Dominguez v. Benach, 277 So.2d 567 (Fla.3d DCA 1973); H.D. McPherson, Inc. v. Metro Electric of Orlando, Inc., 253 So.2d 878 (Fla.4th DCA 1971). Contrast, Emery v. International Glass & Mfg. Inc., 249 So.2d 496 (Fla.2d DCA 1971). However, Winnie is only entitled to attorney's fees for the services rendered incident to the mechanics' lien aspect of the case. Kinard Enterprises, Inc. v. Johnson, 308 So.2d 593 (Fla.1st DCA 1975); Planas & Franye Engineers, Inc. v. Padilla, 310 So.2d 354 (Fla.3d DCA 1975); Jackson v. Hatch, 288 So.2d 564 (Fla.2d DCA 1974).
Accordingly, that portion of the final judgment denying Winnie attorney's fees is reversed and the cause is remanded for a determination by the trial court of a reasonable fee for Winnie's attorney's services incident to the mechanics' lien aspect of the case.
McCORD, C.J., and MILLS, J., concur.