432 So.2d 809 (1983)
Robert W. SNAIDMAN and Wife, Julianne Snaidman, Appellants,
v.
Donald R. HARRELL, d/b/a Allied Development Company, Appellee.
No. AO-142.
District Court of Appeal of Florida, First District.
June 15, 1983.
*810 Bill R. Hutto, Panama City, for appellants.
Russell A. Cole, Jr., Bonifay, for appellee.
ZEHMER, Judge.
In May 1980, appellants [owners] contracted with appellee [contractor] for the construction of a residence on certain property owned by the owners. Before construction was completed, the structure collapsed after a heavy rainstorm and the parties fell into a dispute over who was indebted to the other for breach of the construction contract. On March 5, 1981, the contractor filed a claim of lien against the owner's property and on March 17 filed suit to enforce the lien, claiming, in a single count, breach of contract by the owners. The day before, March 16, the owners had filed suit against the contractor, claiming damages for the latter's breach of the contract. The actions were consolidated for jury trial, and the jury returned a verdict holding neither party liable to the other. The owners moved for an award of attorney's fees under Section 713.29, Florida Statutes (1981), contending they were the prevailing party in the mechanic's lien foreclosure action. The circuit court denied their motion and entered final judgment providing that neither party take anything from the other and that each bear his own costs. On this appeal, the owners complain that the circuit court erred in denying their motion for attorney's fees. We agree.
Section 713.29, Florida Statutes (1981), provides:
In any action brought to enforce a lien under part I, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions. (Emphasis supplied)
This statute was amended, effective July 1, 1978, by adding the emphasized words to the existing statute. Section 11, Chapter 77-353, Laws of Florida (1977). Under the statute as it existed prior to the 1977 amendment, the owners would unquestionably have been the prevailing party in the mechanic's lien foreclosure action and *811 therefore entitled to recover a reasonable attorney's fee for "services rendered incident to the mechanic's lien aspect of the case" even though judgment was entered against them on their breach of contract action against the contractor. Winnie v. Buckhalter, 362 So.2d 1014, 1015 (Fla. 1st DCA 1978).
Neither the circuit court's order nor the appellate briefs filed by the parties rely on the change in statutory language. They do not cite Winnie v. Buckhalter, supra, and do not contend that the 1977 amendment effectively overruled that decision and the long line of cases cited therein. The circuit court order merely reasons that:
The jury finding that neither party had breached the contract and that neither party should recover any sum of money from the other party obviously shows that the jury intended to leave the parties exactly where they found them and that there was no prevailing party in the litigation. This is especially so when you take into consideration the fact that the Plaintiff Snaidman failed to recover the sum of $21,500.00 sued for and the Defendant Harrell failed to prevail on his claim of $11,226.03 making Snaidman more of a loser than Harrell.
It is evident that the circuit court has impermissibly interrelated the two actions and ruled that the owners must prevail in the whole litigation, including their contract action against the contractor, before becoming entitled to an award of attorney's fees under Section 713.29. But that section does not allow attorney's fees for services in the whole litigation; it provides only for the services incident to the foreclosure action.
We find no reason to depart from the precedent in Winnie v. Buckhalter, supra, and the cases it follows. Having in mind several significant distinctions between an action at law for breach of the construction contract and a statutory action to foreclose a claim of lien against an owner's property, we do not believe that the 1977 amendment was intended to change the rule in those decisions for determining who is the prevailing party in a lien foreclosure action. Nor do we find any basis in the statutory language for concluding that the prevailing party in the foreclosure action should be denied recovery of attorney's fees simply because that party did not also prevail in his breach of contract action against the contractor. The evident purpose of the change in statutory language was to specifically limit recovery to those services of an attorney reasonably required "for trial and appeal" of the foreclosure action itself. The language "as allowed in equitable actions" obviously permits the interposition of equitable defenses to a claim for attorney's fees, but merely losing on one's common law claim for breach of contract is not such an equitable defense.
Appellants have also moved for an award of attorney's fees in this Court and, as the prevailing parties on appeal, are no doubt entitled to one. However, we note that appellants did not cite, much less discuss, Winnie v. Buckhalter, supra, in their briefs and apparently did not bring that decision to the attention of the circuit judge below. Because of the obvious controlling impact of that decision, this appeal most probably would not have been necessary had that case been timely cited to the circuit court in the first place. Appellants are allowed a fee of $100.
Accordingly, that portion of the final judgment denying appellants attorney's fees is reversed and the cause is remanded for a determination by the trial court of a reasonable fee for appellants' attorney's services incident to the mechanic's lien aspect of the case.
ROBERT P. SMITH, Jr., C.J., and WENTWORTH, J., concur.