445 So.2d 1136 (1984)
Glenn R. SCHABERT and L.C. Crews, Appellants/Cross-Appellees,
v.
William MONTALTOS and Genevieve L. Montaltos, Appellees/Cross-Appellants.
No. 83-1058.
District Court of Appeal of Florida, Second District.
March 2, 1984.
John F. Howard, Sebring, for appellants/cross-appellees.
James V. Lobozzo, Jr., Sebring, for appellees/cross-appellants.
SCHOONOVER, Judge.
The appellants, Glenn R. Schabert and L.C. Crews, have appealed a final judgment awarding them damages for breach of a construction contract. We find that the trial court erred in awarding attorney's fees to the appellees and not the appellants but affirm in all other respects.
On July 28, 1979, appellants entered into a contract with appellees, William Montaltos and Genevieve L. Montaltos, for the construction of a home on property owned by the appellees in Highlands County, Florida. The contract provided that the home was to be built for $63,000 and included a provision that any changes therein had to be in writing. The contract also contained a clause providing that if either party brought an action to enforce the terms of the contract, the prevailing party would receive reasonable attorney's fees.
On October 17, 1980, the appellants filed a claim of lien alleging that they had furnished $83,999.87 in labor and materials to the appellees' property and that $25,928.74 remained unpaid. The appellees then filed a complaint seeking damages for appellants' filing of a fraudulent lien and for slander of title. The appellants answered the complaint and a counterclaim was filed. The counterclaim sought to foreclose a mechanics' lien in count I and sought judgment for damages for breach of contract in count II.
At the conclusion of a nonjury trial, a judgment in the amount of $7,803.90 was entered for the appellants on the breach of contract action. The trial court held that the appellants' claim of lien was not timely filed and set it aside. The trial court also denied relief on the appellants' mechanics' lien claim and on the claim that appellants' lien was fraudulent. The appellees were *1137 then awarded attorney's fees in the amount of $3,500 as prevailing parties in the mechanics' lien foreclosure aspect of the case. This appeal timely followed.
The appellants contend that the trial court erred in holding untimely the filing of their claim of lien, in denying them compensation for extras and cost overruns, which they maintain appellees had orally approved, and in awarding attorney's fees to the appellees. The appellees in their cross-appeal allege that the trial court erred in finding that the appellants' claim of lien was not fraudulent.
We find that there was sufficient evidence in the record to support the trial court's findings that appellants' claim of lien was untimely filed and was not fraudulent. Further, the appellees did not waive their rights under the contract requiring that any changes therein be in writing. However, we agree with the appellants' contention that the trial court erred in awarding attorney's fees to the appellees on the basis that they were the prevailing party in the mechanics' lien proceeding. When a contractor fails to establish a mechanics' lien, but obtains a money judgment in the same case, for labor or materials, or both, furnished for the landowner's benefit, the landowner is not entitled to an award of attorney's fees under section 713.29, Florida Statutes (1979). General Development, Corp. v. John H. Gossett Construction Co., 370 So.2d 380 (Fla. 2d DCA 1979); Emery v. International Glass and Mfg., Inc., 249 So.2d 496 (Fla. 2d DCA 1971).
Furthermore, the appellants are not entitled to attorney's fees under the mechanics' lien law because they did not prevail under said statute. Emery. However, since the terms of the contract provided for reasonable attorney's fees to be awarded to the prevailing party in an action enforcing the contract, the appellants should have been awarded such a fee under the contract.
We accordingly reverse and remand for the award of reasonable attorney's fees to the appellants.
Affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
GRIMES, A.C.J., and SCHEB, J., concur.