SHIVERS, Judge.
Appellants, Logan and Ruby Java, seek review of a final judgment directing them and appellee, Atlas, Inc., to pay their own attorneys’ fees and costs. In the same final judgment, the trial court judge found that both Atlas, Inc.’s claim for a mechanic’s lien, as well as the Javas’ counterclaim for breach of contract, were without merit. We reverse that portion of the trial court’s judgment directing both parties to pay their respective attorneys’ fees and remand with instructions to award reasonable attorney’s fees to the Javas.
*607 The instant appeal stems from an action which Atlas, Inc. filed for the purpose of foreclosing a mechanic’s lien against the Javas. Atlas, Inc. and the Javas entered into a contract to construct a pool at the Javas’ residence. After the construction of the pool was completed, Atlas, Inc. filed a complaint to foreclose a mechanic’s lien for work performed in building the pool. The Javas filed an answer to Atlas, Inc.’s complaint and raised affirmative' defenses alleging that Atlas, Inc. had breached the terms of the contract and had failed to comply with applicable building codes. In addition, the Javas requested the trial court to find that they had rescinded the contract during the pool’s construction. The Javas then realleged these affirmative defenses as a counterclaim and sought recovery for breach of contract.
The respective claims of both parties were tried on February 5,1986. In its final judgment, the trial court found the work performed by Atlas, Inc. had not conformed to the parties’ contract or to the drawings which Atlas Inc. submitted to the building inspector in order to receive its work permit. For these reasons, the trial court concluded that Atlas, Inc. had presented insufficient proof to support its mechanic’s lien claim. The court also denied the relief which the Javas sought based on their counterclaim for breach of contract. In the last paragraph of its final judgment, the trial court stated that “[e]ach party hereto shall pay and be responsible for their own attorney’s fees and costs.”
Both parties rely on section 713.29, Florida Statutes (1977), which provides:
In any action brought to enforce a lien under Part 1, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as a part of his costs, as allowed in equitable actions.
This court held in Winnie v. Buckhalter, 362 So.2d 1014 (Fla. 1st DCA 1978), that a party who successfully resists a mechanic’s lien action is entitled to attorney’s fees under section 713.29, Florida Statutes (1975). In Snaidman v. Harrell, 432 So.2d 809 (Fla. 1st DCA 1983), we addressed the issue of what effect, if any, the 1977 amendments to section 713.29, Florida Statutes, had on the award of attorney’s fees in mechanic’s lien actions. The 1977 amendment added two new phrases to section 713, “for trial and appeal,” and “as allowed in equitable actions.” 432 So.2d at 811. Despite this new language, we observed in Snaidman, that there was “no reason to depart from the precedent in Winnie v. Buckhalter ... and the cases it follows.” Id. In addition, we found no “basis in the statutory language [of section 713.29] for concluding that the prevailing party in the foreclosure action should be denied recovery of attorney’s fees simply because that party did not also prevail in his breach of contract action against the contractor.” Id. Accordingly, because the Javas successfully resisted a mechanic’s lien foreclosure action, they are entitled to attorney’s fees in the instant case, and the trial court erred in its refusal to award such fees.
Atlas, Inc. contends that Flagala Corporation v. Hamm, 302 So.2d 195 (Fla. 1st DCA 1974), mandates that the awarding of attorney’s fees is a matter strictly within the discretion of the trial court. We disagree with Atlas’s appraisal of the Flagala decision. We stated in Flagala that the prevailing party in a mechanic’s lien foreclosure suit is entitled to recover a reasonable fee for the services of his attorney. 302 So.2d at 196. The dispute in Flagala concerned the amount of attorney’s fees that the trial court should have awarded. This court found the $500 award which the trial court had imposed for attorney’s fees to be unreasonable. Based on the guidelines set forth in disciplinary rule 2-106 under Canon 2 of the Code of Professional Ethics, we determined that $1,500 was a reasonable sum for attorney’s fees. Thus, we did not hold in Flagala that the trial court has unbounded discretion in awarding attorney’s fees, nor does Flagala suggest that a different result should obtain in the instant case. We therefore remand to *608 the trial court with instructions to award reasonable attorney’s fees to the Javas.
MILLS and JOANOS, JJ., concur.