507 So.2d 691 (1987)
Carl E. FERRELL, Jr., Appellant,
v.
Robert E. ASHMORE, Jr. and Dianne E. Ashmore, Appellees.
No. BN-168.
District Court of Appeal of Florida, First District.
May 14, 1987.
*692 Richard E. Benton and Claire A. Duchemin of Young, Van Assenderp, Varnadoe & Benton, P.A., Tallahassee, for appellant.
John K. Folsom of Vickers and Muldoon, Tallahassee, for appellees.
NIMMONS, Judge.
This appeal involves a dispute between the owners and general contractor over the construction of a home in Leon County. The appellant/contractor appeals from the final judgment wherein the trial court, sitting as trier of the fact, awarded the appellees/owners damages on their counterclaim.
*693 On January 10, 1983, the parties entered into a contract for the construction of a custom built home. Appellant agreed to construct the appellees' home at an approximate cost of $300,000 plus a contractor's fee of 15% of cost and 5% of cost for overhead. During the course of construction, several problems arose regarding the quality of workmanship. On January 24, 1984, the appellees terminated appellant's services. Thereafter, the appellant, in July of 1984, filed a two-count complaint against the appellees. Count I of the complaint sought damages for breach of the construction contract and count II sought foreclosure of a mechanic's lien.
Appellees answered the complaint and filed a counterclaim containing three counts. Count I of the counterclaim alleged a breach of the construction contract by the appellant. Count II alleged negligence in the construction of the home and count III sought recovery under Florida's Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes (1983).
The court found that the appellant, under his claim of lien, was entitled to the sum of $10,819.45, for unpaid labor and materials furnished through the date he was fired. The court also found that the appellees were entitled to recover from appellant the sum of $31,128.92 for remedial work which had been performed by others after appellant was fired.[1] The final judgment awarded the net sum of $20,309.47 to appellees and reserved jurisdiction for the purpose of assessing attorney's fees and costs in favor of appellees and against appellant.
Five issues have been presented on this appeal:
I. WHETHER THE EVIDENCE OF DAMAGES PRESENTED BY APPELLEES WAS COMPETENT.
II. WHETHER THE TRIAL COURT'S FINDING THAT THE EARLY TERMINATION OF THE CONSTRUCTION CONTRACT WAS JUSTIFIED IS SUPPORTED BY COMPETENT SUBSTANTIAL EVIDENCE.
III. WHETHER THE TRIAL COURT ERRED IN AWARDING APPELLEES ATTORNEY'S FEES.
IV. WHETHER THE TRIAL COURT ERRED IN FAILING TO AWARD APPELLANT PREJUDGMENT INTEREST ON HIS DAMAGES.
V. WHETHER THE TRIAL COURT ERRED IN AWARDING DUPLICATIVE DAMAGES TO APPELLEES.
After reviewing the record, we find no reversible error regarding issues I, II and III. However, we find that the trial judge erred in failing to award appellant prejudgment interest on his damages, and in awarding appellees duplicative damages. Accordingly, we reverse as to issues IV and V, which we will discuss herein along with issue III.
Although the final judgment does not state the basis on which the award of attorney's fees was made, the trial court apparently relied upon the Mechanic's Lien Law, Chapter 713, Florida Statutes. The only other possible ground would be the Deceptive and Unfair Trade Practices Act claim under count III of the counterclaim. However, inasmuch as the evidence in this case clearly did not support appellee's Chapter 501 claim, we will assume that attorney's fee award was bottomed upon a finding that appellees were the "prevailing parties" within the meaning of Section 713.29 of the Mechanic's Lien Law.
Section 713.29, Florida Statutes (1983) provides:
713.29 Attorney's fees.  In any action brought to enforce a lien under part I, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be *694 taxed as part of his costs, as allowed in equitable actions.
Section 713.29's deceptively simple phrase, "prevailing party", has been a fertile source of litigation. The question of which party is the prevailing one in an action to enforce a mechanic's lien has arisen in a variety of situations. The one with which we are confronted is where the lien claimant's effort to foreclose an otherwise valid mechanic's lien is defeated by judgment entered in favor of the owner whose recovery on a counterclaim for damages caused by the lien claimant's breach of the construction contract exceeds the amount of the lien claim. We hold that the owner is, under such circumstances, the prevailing party under Section 713.29.
In Kinard Enterprises, Inc. v. Johnson, 308 So.2d 593 (Fla. 1st DCA 1975), the contractor brought a mechanic's lien foreclosure suit against the owners. The owners counterclaimed for damages based upon breach of the construction contract by reason of inferior workmanship. The owners had seen fit to fire the contractor and hire another to correct the deficiencies in the work already performed and to finish the project. This court affirmed the trial court's finding that the contractor had been overpaid when the damages caused by his breach were taken into account, and that the owner was therefore the prevailing party and entitled to a fee under the statute.
In Houdaille-Duval-Wright Co. v. Charldon Construction Co., 266 So.2d 106 (Fla. 3rd DCA 1972), a subcontractor, who had fabricated and delivered concrete roof spans to the job site, filed a mechanic's lien foreclosure suit against the owner and general contractor claiming a balance due on its subcontract. The general contractor filed a counterclaim alleging delay in delivery of the materials and claiming damages therefor in an amount exceeding the plaintiff's claim. At trial, the right of the plaintiff to recover the amount sought under its lien claim was conceded. On the trial of the counterclaim, the court found in favor of the counterclaimant/contractor, awarded damages in excess of the plaintiff's lien, and awarded the counterclaimant an attorney's fee. On appeal, the Third District held that the contractor was not entitled to a fee under the statute because the plaintiff's lien was being asserted against the owner, not the contractor. However, the court further held that the owner would be entitled to an attorney's fee under the statute. We note that in Charldon the lien claimant's concededly valid lien was effectively defeated by the contractor's counterclaim. However, we do not see why the result should be any different under the circumstances of the instant case, i.e., where the owner's counterclaim effectively defeats enforcement of the contractor's otherwise valid lien.
We believe that Winnie v. Buckhalter, 362 So.2d 1014 (Fla. 1st DCA 1978) and Snaidman v. Harrell, 432 So.2d 809 (Fla. 1st DCA 1983), relied upon by appellant, are materially distinguishable from the instant case. Both cases involved situations where the contractor brought a mechanic's lien foreclosure suit and the owner filed a claim for damages for breach of the subject contract.[2] In both cases, both the contractor and the owner lost their respective claims (in the vernacular, a "dogfall"). On appeal in both cases, this court held that since the contractor failed to prove a valid mechanic's lien, it was error for the trial court to deny the owners attorney's fees as prevailing parties under Section 713.29 notwithstanding the fact that the owners had failed to prove their common-law counterclaims. Both Winnie and Snaidman held that it was not necessary for the owner to prevail in the "whole litigation", i.e., both the foreclosure action and the counterclaim, in order to be entitled to a fee under the statute. But both cases made it clear that the services rendered in connection with the owner's unsuccessful counterclaims could not be considered in the fee awarded under the statute and that the fee award was limited to the services in connection with the owner's successful defense *695 against the contractor's lien foreclosure.
We do not, however, construe Winnie and Snaidman as precluding a fee award to the owner in a situation such as the instant case where the owner's successful counterclaim, which is predicated upon a breach of the same contract under which the contractor/lienor furnished its materials and labor, effectively defeats enforcement of the contractor's otherwise valid mechanic's lien. We believe our holding is a reasonable construction of the statute, comports with common sense and is consistent with prior decisions.[3]
With respect to the prejudgment interest issue, we agree with the appellant's contention that the trial court erred in failing to add prejudgment interest to the amount which the court found appellant was due under his claim. When the trier of fact liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled as a matter of law to prejudgment interest at the statutory rate from the date of that loss. Argonaut Insurance Company v. May Plumbing Company, 474 So.2d 212 (Fla. 1985); Bergen Brunswig Corporation v. State, Department of Health and Rehabilitative Services, 415 So.2d 765 (Fla. 1st DCA 1982).
In the present case, the trial court's final judgment had the effect of liquidating the contractor's claim for labor and materials and fixing the amount as of a prior date, January 24, 1984, the date he was fired by the appellees. Hence, appellant is entitled as a matter of law to prejudgment interest at the statutory rate from January 24, 1984 on the sum of $10,819.45, the amount of unpaid labor and materials furnished by appellant up through the date he was fired by appellees.
The trial court also erred in awarding duplicative damages to appellees. The trial court's itemization of damages is as follows:

 Replacement of Windows $14,104.24
 Replacement of Shoe Mold $ 1,013.16
 Replacement of Fireplace Mantels $ 6,065.70
 Touch-up Paint $ 2,400.00
 Cleaning and Hauling $ 750.00
 Miscellaneous Labor $ 400.00
 Replacement of Cabinets $ 4,978.82
 Replacing Fireplace Tile $ 485.00
 Construction of New French Drain $ 932.00
 __________
 $31,128.92
 Credit for balance on Plaintiff's Claim
 of Lien - 10,819.45
 ___________
 Net Amount Due Defendants $20,309.47

In making its determination of damages, the trial court relied upon a list entered into evidence by appellees. This list was made by Mr. Deeb, a general contractor who testified at trial. In this list, Mr. Deeb ascertained the total cost for replacing the windows, the wood flooring, the shoe mold and the mantels. In its final judgment, the court awarded the appellees $485 for replacement of the fireplace tile. However, the court also awarded the appellees $6,065.70 for replacement of all of the fireplace mantels in the home. A review of Mr. Deeb's calculation of the charge for the replacement of the mantels in the home indicates that the $6,065.70 already included the $485 charge for the replacement of the fireplace tile. Therefore, upon remand, the $485 award for replacement of the fireplace tile shall be stricken from the damage award.
Appellant has also argued that the trial court awarded double damages for the touch-up paint. Appellant maintains that when the court awarded the $2,400 for touch-up paint, it overlooked the fact that the award for $14,104.24 for replacement of the windows already included $4,000 for painting and touch-up. Appellant also argues that $6,065.70 awarded for replacement of the mantels included $800 for painting. However, a review of Mr. Deeb's testimony at trial regarding his calculations reveals that appellant's argument is without merit. Mr. Deeb testified that the $2,400 he recommended for touch-up paint *696 was in addition to the painting charges that he included in the individual stages. Thus, we cannot conclude that the award of $2,400 for touch-up paint was erroneous.
Appellant further maintains that the trial court's awards for cleaning, hauling and miscellaneous labor should be revised. We agree. The amounts awarded by the trial court for these items are identical to the amounts recommended by Mr. Deeb in his list concerning replacement costs. However, the amount recommended by Mr. Deeb for cleaning, hauling and miscellaneous labor relates to the replacement of the windows, shoe mold, mantels, and wood floors. The trial court did not award the appellees damages for replacement of wood floors. Thus, the total damage award is to be adjusted to reflect the portion of the cleaning, hauling and miscellaneous labor costs relating to the damages actually awarded.
The final judgment is AFFIRMED in part and REVERSED in part, and the case is REMANDED for further proceedings consistent with this opinion including an award of prejudgment interest to appellant and the elimination of the duplicative damage awards to appellees.
WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] Although the trial court's award to appellees was apparently not based upon count III of the counterclaim (the Section 501.211 count), it is not clear from the final judgment whether the award to appellees was predicated upon count II (negligence) or count III (breach of contract) or both. However, whether the basis of the award was count II or count III makes no difference to the issues with which we deal herein.
[2] In Winnie, the owner's claim was asserted via a counterclaim in the lien foreclosure suit; in Snaidman, the owner's claim was asserted by a separate action which was consolidated with the lien foreclosure.
[3] We note that in another context, the courts have declined to apply Section 713.29 in a strictly mechanical manner, preferring instead a common sense approach. Where a contractor fails to establish a mechanic's lien but obtains a money judgment against the owner in the same case for labor or materials, it has been held that the owner, notwithstanding the fact that he could be said to have prevailed in the lien foreclosure aspect of the case, is not entitled to an attorney's fee award as a prevailing party under the statute. Schabert v. Montaltos, 445 So.2d 1136 (Fla. 2nd DCA 1984) (and cases cited therein at page 1137).