522 So.2d 967 (1988)
METRO-CENTRE ASSOCIATES, Appellant,
v.
ENVIRONMENTAL ENGINEERS, INC., Appellee.
No. 87-948.
District Court of Appeal of Florida, Third District.
March 22, 1988.
*968 Raymond L. Robinson, Miami, for appellant.
Helman & Young and Nard S. Helman, Coral Gables, for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
JORGENSON, Judge.
We reverse the final order of the trial court denying Metro-Centre Associates' motion for attorney's fees pursuant to section 713.29, Florida Statutes (1983).[1] Metro-Centre had moved for attorney's fees on the ground that it was the "prevailing party" in Environmental Engineers, Inc.'s counterclaim to foreclose a mechanics' lien against Metro-Centre. Following a bench trial on all the claims between the parties, the trial court found that Environmental's mechanics' lien was unenforceable, "null, void and of no force or effect." The trial court further found that the lien was not willfully exaggerated in violation of section 713.31(2)(a), Florida Statutes (1983), as Metro-Centre had alleged. The trial court denied Metro-Centre's motion for attorney's fees on the authority of Schabert v. Montaltos, 445 So.2d 1136 (Fla. 2d DCA 1984).
In Schabert, the court held that "[w]hen a contractor fails to establish a mechanics' lien, but obtains a money judgment in the same case, for labor or materials, or both, furnished for the landowner's benefit, the landowner is not entitled to an award of attorney's fees under section 713.29, Florida Statutes (1979)." (Citations omitted.) According to Schabert, Metro-Centre would not merit an award of attorney's fees because Environmental, the contractor, recovered $3,750 on its counterclaim against Metro-Centre for goods sold and delivered. Pursuant to Schabert, Environmental's recovery of a money judgment for goods and services would offset its failure to foreclose its mechanics' lien, and Metro-Centre would not be transformed into the prevailing party so as to merit a statutory award of attorney's fees. What distinguishes this case from Schabert is that Metro-Centre, the landowner, recovered $18,955 plus prejudgment interest on its breach of contract claim against Environmental. Thus, Schabert is not dispositive of the issue of Metro-Centre's entitlement to attorney's fees for its defense of Environmental's mechanics' lien.
Environmental is correct in its assertion that a holder of a mechanics' lien who recovers a judgment in any amount is the "prevailing party" and is entitled to an award of attorney's fees. Salisbury Constr. Corp. v. Mitchell, 491 So.2d 308 (Fla. 4th DCA 1986); Hub Cap Heaven, *969 Inc. v. Goodman, 431 So.2d 323 (Fla. 3d DCA 1983).[2] Environmental also accurately states the proposition espoused in Schabert that a landowner is not the "prevailing party" and is not entitled to attorney's fees where a contractor obtains a judgment for labor or materials even though it fails to establish its mechanics' lien. AAA Sod, Inc. v. Weitzer Corp., 513 So.2d 750 (Fla. 4th DCA 1987); Plaza Builders, Inc. v. Regis, 502 So.2d 918 (Fla. 2d DCA 1986). It is equally true, as Metro-Centre posits, that a landowner who successfully resists a claim to enforce a mechanics' lien against his property is entitled to recover his attorney's fees. Say Serv., Inc. v. Willig, 473 So.2d 43 (Fla. 3d DCA 1985); Sanfilippo v. Larry Giacin Tile Co., 390 So.2d 413 (Fla. 4th DCA 1980). This result obtains even where judgment is entered against a landowner in his breach of contract action against the contractor. Snaidman v. Harrell, 432 So.2d 809 (Fla. 1st DCA 1983). The Snaidman court observed that section 713.29 does not require a property owner to prevail in the whole litigation, including contract actions against the contractor, before an award of attorney's fees is merited. The court noted that section 713.29 provides only for fees incident to the foreclosure action. Id. at 811. While Metro-Centre does not qualify for recovery of attorney's fees incurred in the breach of contract action against Environmental or the defense of Environmental's counterclaim for goods and services, it is entitled to attorney's fees connected to the mechanics' lien litigation because Environmental was unable to enforce and foreclose its lien. Environmental's good faith in attempting to enforce its lien is irrelevant to Metro-Centre's status as the prevailing party. See Sanfilippo.
We conclude that the trial court erred in denying Metro-Centre's motion for attorney's fees. We, therefore, reverse the trial court's order and remand to the trial court for assessment of Metro-Centre's reasonable attorney's fees for its defense of the mechanics' lien counterclaim.
Reversed and remanded with directions.
NOTES
[1] The statute provides:

713.29 Attorney's fees.  In any action brought to enforce a lien under part I, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions.
§ 713.29, Fla. Stat. (1983).
[2] This rule is subject to the exception that a litigant must have recovered an amount exceeding that which was earlier offered in settlement of a mechanics' lien claim. C.U. Associates v. R.B. Grove, Inc., 472 So.2d 1177 (Fla. 1985).