PER CURIAM.
Appellant, Amnesia International, Inc. (“Amnesia”), appeals an order entered after final judgment of foreclosure which provided for an award of attorneys’ fees and costs to appellee Sunhouse International, Inc. (“Sunhouse”). We affirm in part and reverse in part.
Here, the record reflects that Sun-house, the contractor, was the prevailing party on the lien claim. Accordingly, we affirm that part of the trial court’s order finding that Sunhouse is entitled to attorneys’ fees and costs under section 713.29, Florida Statutes (1995). See DiStefano Constr. Inc. v. Fidelity and Deposit Co. of Maryland, 597 So.2d 248 (Fla.1992); Metro-Centre Assocs. v. Environmental Eng’r Inc., 522 So.2d 967 (Fla. 3d DCA 1988); Java v. Atlas Inc. Gen. Contractors, 500 So.2d 606 (Fla. 1st DCA 1986).
. However, we reverse the trial court’s order to the extent that it awards Sunhouse attorneys’ fees on an unrelated action. Under the plain language of section 713.29, courts may award fees only in an action brought to enforce a lien. Because Sun-house’s action against the architect was not for such a purpose, the time spent by Sun-house’s counsel in separate litigation against Amnesia’s architect on the project was not a proper basis for fees. See Planas & Franyie Eng’r Inc. v. Padilla, 341 So.2d 259 (Fla. 3d DCA 1977); Bentley Constr. Dev. & Eng’r, Inc. v. All Phase Elec. & Maintenance, Inc., 562 So.2d 800 (Fla. 2d DCA 1990).
Affirmed in part; reversed in part and remanded for recalculation of attorneys’ fees.