689 So.2d 1204 (1997)
REGENCY HOMES OF DADE, INC., Appellant,
v.
Bertram McMILLEN, III and Sarah Jane Southerland McMillen, Appellees.
No. 96-864.
District Court of Appeal of Florida, Third District.
March 12, 1997.
Rehearing Denied April 7, 1997.
Gillespie & Allison and R. Bowen Gillespie, III, Boca Raton, for appellant.
Catlin, Saxon, Tuttle & Evans and William M. Tuttle, II; Stephen S. Southerland, Miami, for appellees.
Before JORGENSON, COPE and FLETCHER, JJ.
COPE, Judge.
Regency Homes of Dade, Inc. ("contractor") appeals an order awarding attorney's fees under section 713.29, Florida Statutes, after the appellee homeowners successfully defended against the appellant contractor's claim to enforce a construction lien. We affirm.
The homeowners filed suit against the contractor, alleging breach of a residential construction contract, negligence, and fraud. The contractor counterclaimed for breach of the construction contract, quantum meruit, and foreclosure of its construction lien against the homeowners' property under chapter 713, Florida Statutes. The residential *1205 construction contract did not have an attorney's fees clause.
The case proceeded to trial, at which the homeowners recovered judgment against the contractor. Judgment was entered in favor of the homeowners on the claim to foreclose the construction lien. The homeowners moved for attorney's fees under section 713.29, Florida Statutes. The trial court conducted an evidentiary hearing and after considering the testimony of the parties' respective expert witnesses, entered an attorney's fee award in favor of the homeowners.
On appeal the contractor contends that the trial court erred by failing to apportion the attorney's fee award among the various claims and counterclaims. The contractor argues that the attorney's fee award includes an allotment for time expended by the homeowners on their breach of contract and other claims. The contractor asserts that the case must be returned to the trial court for a new hearing.
The beginning point of the contractor's analysis is this court's decision in Metro-Centre Associates v. Environmental Engineers, Inc., 522 So.2d 967 (Fla. 3d DCA 1988). In that case, this court said that under section 713.29, a prevailing owner is not entitled to "recovery of attorney's fees incurred in the breach of contract action ... or the defense of ... [the] counterclaim for goods and services, [but] ... is entitled to attorney's fees connected to the mechanics' lien litigation...." Metro-Centre Associates v. Environmental Engineers, Inc., 522 So.2d at 969.
The record made in this case, however, indicates that the issues involved in defending against the construction lien claim are intertwined with the remaining issues in the case, and that the attorney's time cannot reasonably be apportioned. We conclude that on this record, the fees were properly awarded. We do not think that the Metro-Centre decision addresses the issue now before us. The result we reach is consistent with the reasoning which has been applied under other attorney's fees statutes. See Caplan v. 1616 East Sunrise Motors, Inc., 522 So.2d 920, 921-22 (Fla. 3d DCA 1988); Chrysler Corp. v. Weinstein, 522 So.2d 894, 896 (Fla. 3d DCA 1988).
As to the remaining issue on appeal, we see no abuse of discretion by the trial court in allowing the reopening of the record to permit additional evidence to be offered by the homeowners.
Affirmed.