249 So.2d 496 (1971)
B. Irwin EMERY et Ux., Etc., Appellants,
v.
INTERNATIONAL GLASS & MFG., INC., Etc., Appellees.
No. 70-699.
District Court of Appeal of Florida, Second District.
June 16, 1971.
*497 Wayne C. Nelson, St. Petersburg, for appellants.
Albert C. Werly, St. Petersburg, for appellees.
McNULTY, Judge.
International Glass and Manufacturing, Inc., as a contractor, brought this action to foreclose a mechanics' lien. Owners-appellants counterclaimed alleging a breach of the warranty of workmanship. After final hearing the trial judge specifically found that "the plaintiff failed to establish a lien upon defendant's property, but that the plaintiff may proceed to judgment on a contract pursuant to Section 713.28, Florida Statutes, 1969, F.S.A." Whereupon, allowing for a setoff under the counterclaim, judgment was entered in favor of plaintiffs in the sum of $1,382.00, together with costs which did not include attorneys' fees, and defendants appeal.
Two points are raised on appeal: first, whether the circuit court had authority to enter a judgment for money damages, pursuant to Section 713.28, supra, after it had theretofore determined as a matter of law that plaintiff had failed to establish any lien; and secondly, whether the trial court erred in failing to award attorneys' fees to appellants (being the prevailing parties in the mechanics' lien proceedings) as required by Section 713.29, Florida Statutes 1969, F.S.A.
We agree with appellants' argument on the first point that the trial judge, having first found that the plaintiff had failed to establish a mechanics' lien in any amount, was without authority to enter a money judgment for the full amount found due under the provisions of the aforesaid Section 713.28, supra. The pertinent provisions of this section are as follows:
"(1) If a lienor shall fail, for any reason, to establish a lien for the full amount found to be due him in an action to enforce the same under the provisions of part I of this chapter, he may, in addition to the lien decreed in his favor, recover a judgment or decree in such action against any party liable therefor for such sums in excess of the lien as are due him or which he might recover in an action on a contract against any party to the action from whom such sums are due him." (Italics supplied.)
This section (formerly Section 84.281, F.S.A.) has been construed several times, and it is well settled that as a condition precedent to its operative effect the lienor must first establish his lien at least in some amount, though such amount be less than the total sum found due him.[1] The statute *498 is obviously predicated on the fundamental equitable principle that before legal relief may be awarded by a court of equity the right to some equitable relief must be pleaded and proved.[2]
Nevertheless, we are of the view that the judgment appealed from in this case must be affirmed for another reason,[3] i.e., because the court was empowered to enter it otherwise than pursuant to special statutory authority. Admittedly, prior to the new merger rule, i.e., Rule 1.040 R.C.P., 30 F.S.A., which abolishes the distinction between law and equity,[4] the general prayer for relief pleaded here would have authorized the court, upon a determination that no equitable relief could be granted, to transfer the cause to the law side of the court, or to the proper court of law pursuant to the prior "transfer" rule, Rule 1.39 R.C.P. (now Rule 1.060 R.C.P., as amended)[5]. Concededly, too, the new rule merely abolishes the procedural differences, not the substantive differences, between law and equity.[6]
But withal, the essential purpose of the new merger rule is to facilitate the administration of justice and to pave the way for a claimant to receive appropriate judicial relief unfettered by the technical distinction between the two procedural hats formerly worn by the same court. Accordingly, in line with this purpose there is no longer provision in the rules for the transfer of any cause to the opposite side of the circuit court;[7] hence a cause now properly before the circuit court is before it for all purposes notwithstanding that there is an admixture of claims and/or defenses which substantively may sound both in law and in equity. Further in line with the essential purpose of the rule, it would now be incongruous to hold that after a full and complete final hearing a cause properly before a court should be halted and begun anew on another substantive theory. The court should at once be free to do equity on the one hand and, on the other, preserve the rights at law of the parties, including the right to jury trial if timely applied for.[8] Colloquially stated, the court ought to clean up the whole ball of wax in the straightest line possible, utilizing just so much of the existing rules as may be necessary to get to the heart of the matter. That is precisely what the trial judge did here. He adjudicated the legal rights of the parties even though, after hearing, he properly determined that no equitable relief was appropriate. He should be affirmed.
We hasten to emphasize, however, that we are here concerned only with a case wherein the cause was initially begun in equity but, upon final hearing, resulted in a judgment at law. The case is materially different from that in which, prior to final hearing, the triable issues are found to be solely legal in nature. In such a case, if the amount in controversy is within the jurisdiction of the circuit court then, as noted, the cause need no longer be transferred to the ethereal "law side" of that court. But if, in such a posture, the amount in controversy is less than the minimum within the jurisdiction of the circuit court then the cause should be transferred to the proper inferior court of law pursuant to the present Rule 1.060, supra.
*499 On this "jurisdictional amount" point, we deem it appropriate to comment on the amount in controversy here, an unargued facet of the case which caused us no little concern since it might have been a jurisdictional matter. While it is true that the complaint prayed for a foreclosure of a mechanics' lien, thus initially invoking equity jurisdiction, at no time did plaintiff claim an amount due in excess of $2,087.00. Now, we can take judicial notice that the jurisdiction of the circuit court in Pinellas County, at law, may be invoked only when the dollar amount in controversy exceeds $5,000.00 exclusive of fees and costs.[9] The question therefore arises whether, having found no basis for granting equitable relief, the trial judge should have transferred the cause to another court of the county having jurisdiction of the amount claimed to be due and found by the court to be awardable only in an action sounding, substantively, at law.
As we pointed out earlier, if the case reaches this posture prior to trial, then such a transfer is called for. But we think a transfer is inappropriate at or after a final hearing, wherein the equitable issues are still to be decided, even though it has been patent throughout the case that the amount involved is less than the minimum within the jurisdiction of the circuit court. Whatever may have been the law on the point prior to the new merger rule, we think that a meaningful interpretation of this rule would militate against transfer of a case in this latter category.
The new merger rule provides that: "There shall be one form of action to be known as `civil action.'" That is to say, there is now just one case or cause which should embrace all the matters in controversy between the parties. We are strongly of the view, therefore, that if such action is in good faith pleaded within the equity jurisdiction of a court then that court has jurisdiction of the entire "action" as long as triable equitable issues remain in the case, and jurisdiction is not lost merely because it is subsequently determined by the court at the final hearing that the ultimate appropriate relief is, in form and substance, solely legal in nature. We see no real material difference between this rationale as applied to a case such as the one before us and the rationale applicable to cases wherein a good faith legal claim is made within the jurisdictional amount of a court of law, but, upon final determination, the amount actually found due being less than the jurisdictional minimum amount of that court. In such latter case a judgment for the lesser amount is clearly valid;[10] the judgment in this case should be no less valid.
We come now to the question of attorneys' fees as raised by appellants' second point. Section 713.29, Florida Statutes 1969, F.S.A., provides as follows:
"In any action brought to enforce a lien under part I of this chapter, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, to be determined by the court, which shall be taxed as part of his costs."
It is patently the thrust of appellants' argument that since they prevailed in the mechanics' lien aspect of this "action" they are entitled to recover attorneys' fees pursuant to this section notwithstanding that they did not ultimately prevail in the legal aspect. This position is untenable.
In the first place, the statute in question is embraced within the mechanics' lien law and should be considered in context with the purpose and other provisions thereof. *500 In this frame of reference it was obviously not the intent of the legislature to award attorneys' fees to a defendant in a mechanics' lien foreclosure merely because he successfully defends against the impression of a lien yet is nevertheless found liable in damages, in the same case, for labor and/or materials furnished for his benefit. To conclude otherwise would be anathema to the purpose of the mechanics' lien law which is to afford the laborer or materialman adequate assurance of being fully compensated for his labor or services. The entire statute is essentially for the benefit of a claimant, not a defendant; and the section providing for attorneys' fees is primarily calculated to preclude any diminution of the claimant's full compensation for which he is suing while, at the same time, discouraging specious claims or defenses.
Likewise, to fully answer the question posed, a claimant is not entitled to attorneys' fees under the section before us, notwithstanding that he ultimately prevails in the case, unless the mode and substance of his recovery is as expressly provided for within the lien law itself. We conclude therefore that the trial judge was correct in not awarding attorneys' fees to either of the parties to this cause.
We emphasize here that what we have just said is in no way an equivocation of our earlier conclusions regarding the "one form of action" under the new merger rule. The word "action" as used in Section 713.29, supra, is not modified in any way by the new rule. Moreover, there is nothing in the new rule which changes the substantive law of this state affecting special statutory proceedings, of which the mechanics' lien law is one.
The judgment appealed from should be, and it is hereby, affirmed.
Affirmed.
LILES, A.C.J., and MANN, J., concur.
NOTES
[1] See, Shad v. Arnow (1944), 155 Fla. 164, 19 So.2d 612 and Halifax Construction Co. v. Chastain Groves, Inc. (Fla. App. 1966), 192 So.2d 15. Also, cf., Wood v. Wilson (Fla. 1955), 84 So.2d 32 and Miami Highland Park, Inc. v. Leslie (Fla.App. 1962), 142 So.2d 754.
[2] See, Minick v. Minick Drug Co. (1935), 120 Fla. 621, 163 So. 228; Venice East, Inc. v. Manno (Fla.App. 1966), 186 So.2d 71; and Coleman v. Davis (Fla.App. 1958), 106 So.2d 81.
[3] See, e.g., Braren v. Lawyers' Realty Abstract Co. of Sarasota (Fla.App. 1967), 196 So.2d 244.
[4] Effective January 1, 1967.
[5] Cf. Wood v. Wilson, note 1, supra.
[6] See, R.C. No. 17 Corp. v. Korenblit (Fla.App. 1968), 207 So.2d 296.
[7] See Rule 1.060, R.C.P.
[8] See, Dairy Queen v. Wood (1962), 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44; and Hightower v. Bigoney (Fla. 1963), 156 So.2d 501. Also, cf., Sarasota-Manatee Airport Authority v. Alderman, et al., (Fla.App. 1970), 238 So.2d 678.
[9] Suits for lesser amounts, at law, must be brought in the Civil and Criminal Court of Record of Pinellas County. See Ch. 27258, Laws of Florida 1951. See, also, Kinney v. Lechner Lbr. Co. (Fla. 1951), 55 So.2d 917.
[10] See, e.g., Tantillo v. Miliman (Fla. 1956), 87 So.2d 413; and Frank v. Pioneer Metals, Inc. (Fla.App. 1960), 121 So.2d 685.