370 So.2d 380 (1979)
GENERAL DEVELOPMENT CORPORATION, Appellant,
v.
JOHN H. GOSSETT CONSTRUCTION CO., INC., Appellee.
No. 78-159.
District Court of Appeal of Florida, Second District.
January 31, 1979.
Rehearing Denied May 2, 1979.
*381 E. David Johnson and Leo Wotitzky of Wotitzky, Wotitzky, Johnson, Mandell & Batsel, Punta Gorda, for appellant.
Charles R. Holley and Ronald L. Napier, Naples, for appellee.
DANAHY, Judge.
This is an appeal by the defendant, General Development Corporation (GDC), from a final judgment for plaintiff, John H. Gossett Construction Co., Inc. (Gossett), entered after a nonjury trial. We find error in part.
Gossett and GDC entered into a contract under which GDC employed Gossett to build houses for customers of GDC in GDC developments on the west coast of Florida. The contract provided that GDC would issue a field purchase order (FPO) for each house to be constructed under the contract.
Pursuant to the contract, Gossett received and accepted FPOs for approximately 254 houses. Unfortunately, the relationship between the parties began to deteriorate and after less than half these houses were completed, GDC declared an end to the contractual arrangement. As a result, Gossett brought these consolidated suits against GDC seeking foreclosure of a mechanics' lien and claiming damages for breach of contract, tort, and unjust enrichment. GDC filed counterclaims, asserting that Gossett was guilty of a breach of contract. The issues thus presented to the trial judge for determination were complex and a great deal of testimony and documentary evidence was submitted by both sides.
The final judgment awarded damages to Gossett on each of its claims for damages and determined that GDC was not entitled to recover on its counterclaims. On the mechanics' lien issue, the trial judge found against Gossett and in favor of GDC. Attorneys' fees were awarded to GDC on the theory that it was the prevailing party in the mechanics' lien proceedings and entitled to an award of attorneys' fees pursuant to Section 713.29, Florida Statutes (1977).
GDC has presented several points on this appeal directed to the question whether the evidence supports those parts of the judgment awarding damages to Gossett. Gossett, on the other hand, argues that the trial judge was incorrect in denying foreclosure of a mechanics' lien on behalf of Gosett and, in any event, erred in awarding attorneys' fees to GDC on the mechanics' lien issue.
After consideration of the several points on appeal in the light of the voluminous record in this case, we find merit in one point raised by Gossett and one point raised by GDC.
Gossett is correct in its position that the award of attorneys' fees to GDC was error. This court has previously held that when a contractor fails to establish a mechanics' lien but obtains a money judgment, in the same case, for labor or materials, or both, furnished for the landowner's benefit, the landowner is not entitled to an award of attorneys' fees under Section 713.29. Emery v. International Glass & Mfg., Inc., 249 So.2d 496 (Fla.2d DCA 1971). The Fourth District Court of Appeal applied the same reasoning to a situation in which the contractor claimed both foreclosure of a mechanics' lien and damages for breach of contract, and prevailed only on the breach of contract claim. First Atlantic Bldg. Corp. v. Neubauer Const., 352 So.2d 103 (Fla.4th DCA 1977). The court in that case concluded that the landowner could not be considered the prevailing party for purposes of awarding attorneys' fees. We agree.
Accordingly, we reverse that part of the final judgment awarding attorneys' fees to GDC.
GDC asserts that in determining the amount of damages due Gossett for breach of contract, the trial judge erred in his treatment of charges for water or sewer tap-in. GDC was to initially arrange for and pay charges for the water and sewer tap-ins. The charges were the same in each case  $325 for water tap-in and $600 for sewer tap-in. The trial judge felt that the field purchase orders or FPOs were ambiguous and accepted testimony on behalf of Gossett that charges for water and sewer tap-ins on all the contracts should be included *382 in the compensatory damages awarded to Gossett. GDC argues that the FPOs are clear as to how those charges were to be treated and we agree.
The first group of FPOs, numbered 65 or below, are different in form from the second group, numbered 66 or higher. Each of the FPOs in the first group shows one contract price. Each contains a list of items to be furnished by the contractor. The first item in each case reads "sewer-water-septic tank-well" with strike-outs to indicate in each case the appropriate combination by which utilities were to be supplied; that is, by water and septic tank, by water and sewer, by sewer and well, or by septic tank and well. In our view, the listing of this first item can have only one meaning as a matter of contract interpretation; the contract price was to include the charge for sewer tap-in or water tap-in whenever those charges applied. Indeed, the schedule of payments on the contract price as to each FPO in this first group reflects that GDC was given credit for the water and sewer tap-in charges.
The FPOs in the second group are more specific. Where appropriate, items to be furnished include "water tap by GDC (deduct)" and "sewer tap by GDC (deduct)." Each of these FPOs contains two figures, either of which could be considered the contract price. There is an amount shown at the top of the FPO and a smaller amount at the bottom reflecting a deduction from the higher figure of the water tap-in charge and sewer tap-in charge where appropriate. It is clear that in determining the balance due with respect to each FPO in the second group, the court used the larger contract figure. Yet, the smaller contract price should have been used because it was obviously contemplated that Gossett would be paid less on these contracts since, unlike the case of the FPOs in the first group, Gossett was not expected to bear the ultimate cost of the tap-ins.
Gossett prepared a summary, introduced in evidence as exhibits 18, 19 and 20, showing Gossett's calculation of the balance due as to each FPO. That summary was the basis upon which the trial judge determined the amount of damages which he awarded to Gossett for breach of contract. (Several adjustments were made to reflect deductions which Gossett conceded to be appropriate during the course of the trial).
In the summary, each FPO is listed. As to each, there is an entry under "contract price" and an entry under "paid on contract." In accordance with our determination as to the proper treatment of the charges for sewer and water tap-ins, those charges for FPOs numbered 65 or below should be included in the amounts described as "paid on contract." It appears that they are not. As for FPOs numbered 66 and above, the tap-in charges have been properly left out of the "paid on contract" column, but the larger rather than the smaller contract figure has been included in the "contract price" column. Accordingly, we reverse that part of the final judgment awarding compensatory damages to Gossett for breach of contract to the extent that the case is remanded with directions that the amount of the award be redetermined according to the dictates of this opinion.
Except as to the award of attorneys' fees to GDC and the award to Gossett of damages for breach of contract, the final judgment is affirmed.
Affirmed in part, reversed in part, and remanded.
GRIMES, C.J., and HOBSON, J., concur.
PER CURIAM.

ON PETITION FOR REHEARING
Evidence was introduced during the trial that a number of Gossett's subcontractors had filed claims of lien against GDC's property for unpaid work performed for Gossett. GDC obtained the release of a number of these lien claims by paying the subcontractors at a discount. GDC now expresses concern over the fact that the final judgment in favor of Gossett makes no allowance for GDC's payment of some of Gossett's obligations and says, in essence, that the judgment includes payments to *383 Gossett on jobs for which GDC was forced to pay Gossett's subcontractors when Gossett failed to pay them.
Perhaps because there were still several subcontractors' lien suits pending at the time of the trial, the court never specifically passed upon the question of set-off. Therefore, when the court resolves the issues concerning the water and sewer tap-ins it should also consider the extent of the set-off, if any, to which GDC may be entitled by reason of paying Gossett's subcontractors monies owed them by Gossett.
Except as expressed herein, the petition for rehearing is denied.
GRIMES, C.J., and HOBSON and DANAHY, JJ., concur.