BASKIN, Judge.
This interlocutory appeal requires us to decide whether in an action involving discharge of a mechanic’s lien and a counterclaim to enforce the mechanic’s lien a third-party defendant is entitled to recover attorney’s fees under section 713.29, Florida Statutes (1979). After the original parties to the lawsuit settled their claims, the trial court awarded fees and costs to The Austin Company [Austin], the third-party defendant, in an amount to be determined at a later date. We hold that the trial court erred in awarding Austin fees and costs from Allied Glass Corporation [Allied] under section 713.29. We reverse.
Subcontractor Allied sued its supplier, Shatterproof Glass Corporation [Shatterproof], seeking discharge of a mechanic’s lien and damages for breach of contract, negligence, and breach of implied warranty. In a counterclaim, Shatterproof sought to enforce the mechanic’s lien, alleging the defects in the materials were caused by design errors for which Austin, the designer of the building and the glass window units, was responsible. Allied then filed a third-party complaint against Austin alleging that if Allied was held liable to Shatter *196 proof for design defects, then Austin, the designer, was in turn liable to Allied. Austin then filed counterclaims against both Allied and Shatterproof. After Allied and Shatterproof settled their claims, Austin amended its counterclaim, adding claims of abuse of process, malicious prosecution, indemnity, and declaratory relief. The trial court struck Austin's claims, except for the malicious prosecution count which remains pending. When the trial court granted Austin’s motion for attorney’s fees pursuant to section 713.29, Florida Statutes (1979), Allied filed this interlocutory appeal.
Section 713.29, Florida Statutes (1979) provides:
In any action brought to enforce a lien under part I, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions.
In its order granting Austin’s motion for attorney’s fees and costs, the trial court ruled that, as the prevailing party in a claim brought against it by Allied under chapter 713, Austin is entitled to recover attorney’s fees and costs. We conclude, however, that Austin was not involved in a claim brought under chapter 713 and is therefore not entitled to attorney’s fees. Shatterproof, the only party seeking to enforce the mechanic’s lien, filed a counterclaim against Allied. Austin became a party, not on Shatterproof’s counterclaim, but by virtue of a third-party complaint resulting from a defense to an action for breach of contract, negligence, and breach of warranty.
Other courts addressing similar issues have ruled in a similar vein. In General Development Corp. v. John H. Gossett Const. Co., Inc., 370 So.2d 380 (Fla. 2d DCA), cert. denied, 379 So.2d 205 (Fla.1979), the court held that where a contractor fails to establish a mechanic’s lien but obtains a money judgment, the landowner is not entitled to attorney’s fees. In Emery v. International Glass & Mfg., Inc., 249 So.2d 496 (Fla. 2d DCA 1971), the court found no legislative intent to award attorney’s fees to a defendant in a mechanic’s lien case who successfully defends against the impression of a lien but is nonetheless held liable in damages. The court stated:
The entire statute is essentially for the benefit of a claimant, not a defendant; and the section providing for attorneys’ fees is primarily calculated to preclude any diminution of the claimant’s full compensation. ...
Id. at 500. See also First Atlantic Bldg. Corp. v. Neubauer Const. Co., 352 So.2d 103 (Fla. 4th DCA 1977) (where contractor claimed both foreclosure of lien and damages for breach of contract and prevailed only on breach of contract, landowner could not be considered prevailing party for purposes of award of attorney’s fees).
Accordingly, we hold that the third party complaint against Austin based on Shatterproof’s affirmative defense of design deficiencies by Austin does not come within the ambit of an action to enforce a mechanic’s lien under chapter 713, Florida Statutes (1979), and that the trial court erred in awarding Austin attorney’s fees and costs under that chapter.
Reversed.