502 So.2d 918 (1986)
PLAZA BUILDERS, INC., Appellant,
v.
Dean M. REGIS, As Trustee of That Certain Declaration of Trust of the Revocable Living Trust Agreement of Dean M. Regis, Dated November 6, 1981, Appellee.
Nos. 85-2308, 86-83.
District Court of Appeal of Florida, Second District.
December 30, 1986.
Rehearing Denied February 18, 1987.
*919 George J. Felos of Felos & Felos, Dunedin, for appellant.
Margot Pequignot of McMullen, Everett, Logan, Marquardt & Cline, P.A., Clearwater, for appellee.
*920 RYDER, Acting Chief Judge.
On January 5, 1984, Dean Regis (Regis) contracted with Plaza Builders (Plaza) to construct a warehouse on Regis' property. Plaza was to build the warehouse in compliance with Regis' architectural plans and was to receive $80,000.00 upon completion. Regis, at its election, could perform certain contractual work for specified reductions in the contract price.
Plaza was incorporated as a construction company. Plaza's vice president, T.J. Fulkerson, a licensed general contractor, was to transfer his license from his current corporation, Citation Construction Co., to Plaza. Plaza, however, was unable to acquire Fulkerson's license. Consequently, Plaza arranged with Fulkerson to act as a licensed professional on the subject job. Fulkerson, with Regis' knowledge, constructed the warehouse.
On March 21, 1984, Regis removed Fulkerson from the job for defective construction and failure to comply with Regis' wishes as to the contract completion time. Plaza received $39,850.00 under the contract. It credited Regis $23,550.00 for work Regis elected to have other persons perform. Sixteen thousand six hundred dollars remained unpaid on the contract. Regis refused to pay the remaining $16,600.00 to Plaza and Plaza brought suit.
Plaza claimed that Regis owed it $16,485.00 because Plaza fully performed its contractual duties by furnishing labor, material or services. Plaza also sought to establish and foreclose a mechanic's lien against Regis' property. Regis answered and counterclaimed that Plaza breached the contract by doing defective work, failing to complete the job, and failing to have a contractor's license. Regis claimed it cost him $39,503.00 to complete the contracted for work and sought the same in damages against Plaza. The issues thus presented to the trial court for determination were complex and a great deal of testimony and documentary evidence was submitted by both sides.
The trial court, in its verbal opinion, found that Regis owed Plaza $17,000.00 on the contract. The trial court offset from that amount $14,300.00 for construction defects involving the concrete slab, doors and windows. The trial court awarded Plaza $3,110.00 on its contractual claim. The trial court discharged Plaza's mechanic's lien claim. The trial court held that although Plaza filed its lien within the ninety-day statutory time period, it failed to file the statutorily required contractor's affidavit within that same ninety-day period. The trial court awarded Regis attorney's fees on the theory that Regis was the prevailing party on the mechanics lien action and was entitled to an award of attorney's fees pursuant to section 713.29. The court awarded costs to both parties.
Plaza appeals from the trial court's final judgment awarding Plaza $3,110.00 on its construction contract with Regis; denying Plaza's mechanic's lien foreclosure action; and awarding Regis attorney's fees for prevailing on the mechanic's lien action. Regis cross-appeals from the trial court's denial of its motion for involuntary dismissal and from the trial court's award of $3,110.00 to Plaza.
Plaza raises three points on appeal. Regis raises two points on cross-appeal. We will deal with each in order.
Plaza contends that the trial court erred in awarding Regis attorney's fees and costs because he was not the prevailing party in the action. We agree. When a contractor fails to establish a mechanic's lien but obtains a money judgment in the same case for labor or materials, or both, furnished for the landowner's benefit, the landowner is not entitled to an award of attorney's fees under section 713.29. Schabert v. Montaltos, 445 So.2d 1136 (Fla. 2d DCA 1984); General Development Corp. v. John H. Gossett Construction Co., Inc., 370 So.2d 380 (Fla. 2d DCA 1979); Emery v. International Glass & Mfg., Inc., 249 So.2d 496 (Fla. 2d DCA 1971). Accord, First Atlantic Building Corp. v. Neubauer Construction Co., 352 So.2d 103 (Fla. 4th DCA 1977).
*921 In the instant case, Plaza brought a breach of contract action and sought to foreclose a mechanic's lien against Regis' property. Although Plaza lost on its mechanic's lien action, it succeeded on its breach of contract claim receiving $3,110.00. As a result, Regis could not be considered the prevailing party for purposes of awarding attorney's fees.
The cases which Regis cites for the proposition that a party is entitled to recovery of fees and costs when he successfully resists a lien foreclosure action are all factually distinguishable. Say Service, Inc. v. Willig, 473 So.2d 43 (Fla. 3d DCA 1985); Snaidman v. Harrell, 432 So.2d 809 (Fla. 1st DCA 1983); Saleh v. Watkins, 415 So.2d 858 (Fla. 5th DCA 1982); Sanfilippo v. Larry Giacin Tile Co., Inc., 390 So.2d 413 (Fla. 4th DCA 1980); Dynamic Builders, Inc. v. Tull, 365 So.2d 1032 (Fla. 3d DCA 1978). Falovitch v. Gunn & Gunn Construction Co., 348 So.2d 560 (Fla. 3d DCA 1977). Say Service, Snaidman, Saleh, Sanfilippo, and Falovitch solely involved the mechanic's lien issue. Dynamic, while concerning both a breach of contract claim as well as a mechanic's lien claim, is also distinguishable in that the contractor succeeded on the mechanic's lien action but had the mechanic's lien award set off by the contractee's damages for the contractor's defective construction. Accordingly, we reverse that part of the trial court's final judgment awarding Regis attorney's fees.
Plaza next contends that the trial court erred in discharging Plaza's mechanic's lien for not serving the contractor's affidavit within ninety days of the last furnishing of labor or materials. We agree. Section 713.08(5) provides that:
The claim of lien may be recorded at any time during the progress of the work or thereafter but not later than ninety days after the final furnishing of the labor or services or materials by the lienor.
Section 713.06(3)(d)(1) provides that:
The contractor shall give to the owner an affidavit stating, if that be the fact, that all lienors under his direct contract have been paid in full or, if the fact be otherwise, showing the name of each lienor who has not been paid in full and the amount due or to become due each for labor, services, or materials furnished. The contractor shall have no lien or right of action against the owner for labor, services, or materials furnished under the direct contract while in default for not giving the owner the affidavit. The contractor shall execute the affidavit and deliver it to the owner at least 5 days before the institution of any action to enforce his lien under this chapter, even if the final payment has not become due because the contract is terminated for a reason other than completion and regardless of whether the contractor has any lienors working under him or not.
Plaza recorded their lien on June 6, 1984. June 6 was within ninety days of March 21, 1984, the last day in which Plaza furnished labor, services or materials to Regis. Plaza furnished Regis with its contractor's affidavit on June 28, 1984 and filed suit on July 26, 1984. Thus, Plaza complied with the statute in that it supplied Regis with its contractor's affidavit more than five days before filing suit. Accordingly, we reverse that part of the trial court's final judgment discharging Plaza's mechanic's lien action and order the trial court to enter an order establishing the lien in the amount of the damages to be awarded.
Plaza also contends that the trial court erred in giving Regis a setoff of $9,300.00 for allegedly defective windows and doors. Plaza argues that the trial court's decision was not based on competent, substantial evidence. We disagree. The trial court's final judgment comes to this court clothed with a presumption of correctness. The lower court's findings and conclusions will not be disturbed where there is competent, substantial evidence to support such findings and conclusions. Friedman v. U.S. Home Corp., 452 So.2d 1111 (Fla. 2d DCA 1984); Withers v. Flagship Peoples Bank of Tallahassee, 473 So.2d 789 (Fla. 1st DCA 1985). The setoff was based upon competent, substantial evidence. *922 Both sides presented testimonial and documentary evidence in support of their positions. The trial court was in the best position to evaluate the evidence presented. Thus, we affirm that part of the trial court's final judgment setting off $9,300.00 from Plaza's award.
On cross-appeal, Regis first contends that the trial court erred in failing to grant Regis' motion for involuntary dismissal. At trial, Regis argued that Plaza was estopped to sue for contractual damages under a contract which it breached by assigning its contractual rights and duties to Fulkerson. Regis moved for an involuntary dismissal at the close of Plaza's case. The trial court stated that it would rule on Regis' motion at the end of Regis' case. Regis neither renewed its motion at the end of its case nor at the end of trial.
Regis' position is without merit for two reasons. First, Regis is estopped to deny the contract's validity. Regis waived whatever breach of contract claim it had when it continued to deal with Plaza after learning that Plaza was unable to acquire Fulkerson's license. Second, Regis waived its involuntary dismissal claim when Regis' counsel failed to renew its motion for involuntary dismissal at the close of its case and at the end of trial. Fee, Parker & Lloyd, P.A. v. Sullivan, 379 So.2d 412 (Fla. 4th DCA 1980).
Regis' second point on cross-appeal has two subparts. First, Regis contends that the trial court erred in awarding Plaza $3,110.00 in damages on its breach of contract claim. Regis, relying on section 713.05, argues that the trial court should have set off $4,387.60 from Plaza's award because Plaza owed said amount to its subcontractors. Section 713.05 states that:
A contractor may claim a lien for any labor, services, or materials furnished by another lienor for which he is obligated to pay the lienor, regardless of the right of the lienor to claim a lien; but if the lienor claims a valid lien, the contractor shall not recover the amount of the lien recovered by the lienor, and the amount of the contractor's claim of lien may be reduced accordingly by court order.
We find Regis' position on this point to be without merit. A contractor's award is not to be reduced by a subcontractor's claim unless the subcontractor has filed a lien and recovered thereon from the contractee. The contractor's affidavit listed three unpaid subcontractors. At trial, Regis stated that only one of the three filed a lien on Regis' property. Regis stated that he had not satisfied the lien. Because the lien remained unpaid, Regis was not entitled to a credit.
In Regis' next subpart, it contends that the trial court's setoff of $14,300.00 was inadequate. Regis argues that the setoff should have been $24,237.60. The $24,237.60 amount includes $19,850.00 for project completion costs and $4,387.60 for subcontractors' claims. Regis includes the following within its $19,850.00 claim: (1) installation of a concrete parking lot; (2) miscellaneous completion costs; (3) installation of water lines; (4) blocks and pilasters; and (5) costs to complete office area.
We find Regis' position to be without merit. Once again, we are being asked to reweigh the evidence presented to the trial court. Once again, we must state that an appellate court's function is not to review the evidence, but to review the record to determine if it contains competent, substantial evidence to support the trial court's ruling. Friedman; Withers. The trial court was in the best position to evaluate the evidence presented and competent, substantial evidence was presented.
Finally, both parties have pointed out that the final judgment contains a computational error. In both its oral and written order, the trial court sets off $14,300.00 from $17,000.00 to arrive at an award of $3,110.00. Seventeen thousand dollars minus $14,300.00 is not $3,110.00. The trial court also fails to state how it arrived at the $17,000.00 figure. Plaza only claimed $16,485.00 in its complaint. We must remand for a proper computation of damages.
*923 Affirmed in part; reversed in part and remanded for proceedings consistent with this opinion.
CAMPBELL and HALL, JJ., concur.