ON MOTION TO ENFORCE MANDATE
This cause comes to us on appellee Re-gis’ motion to enforce mandate alleging that the trial court has refused to follow the instructions set forth in our opinion dated December 30, 1986, 502 So.2d 918, directing the trial court to make a proper computation of damages.
On appeal, Regis, relying on section 713.-05, argued that the trial court should have set off $4,387.60 from Plaza’s award because Plaza owed said amount to its subcontractors. We found Regis’ position to be without merit because “a contractor’s award is not to be reduced by a subcontractor’s claim unless the subcontractor has filed a lien and recovered thereon from the contractee”. At trial, only one of three unpaid subcontractors had filed a lien on Regis’ property. Regis had not satisfied the lien. We held that because the lien remained unpaid, Regis was not entitled to a credit.
Regis alleges, in its motion to enforce mandate, that during the pendency of this appeal, the subcontractor’s suit against Re-gis was tried and a judgment was entered. Regis asserts in its motion that it satisfied that judgment. Regis is now before us seeking to have the trial court treat satisfaction of the subcontractor’s claim as a credit in its computation of the damages. Because conditions have allegedly changed since we reviewed the appeal in this case, when the trial court recomputes the damages, in accordance with the opinion previously entered herein, it may consider the extent of a credit, if any, to which Regis may be entitled for satisfying the subcontractor’s lien.
The motion to enforce mandate is thus granted.
RYDER, A.C.J., and CAMPBELL and HALL, JJ., concur.