513 So.2d 750 (1987)
AAA SOD, INC., a Florida Corporation, Cross Appellant,
v.
WEITZER CORPORATION, a Florida Corporation, and Harry Weitzer, Cross Appellee.
WEITZER ENTERPRISES NO. 4, INC., Weitzer Moon Lake, Ltd., Weitzer Communities Ltd., and Fidelity and Deposit Company of Maryland, Appellants/Cross Appellees,
v.
AAA SOD, INC., a Florida Corporation, Appellee/Cross Appellant.
Nos. 4-86-1018, 4-86-2063.
District Court of Appeal of Florida, Fourth District.
October 7, 1987.
Victor K. Rones of Margulies & Rones, P.A., North Miami Beach, for Weitzer.
Val L. Osinski of Law Offices of Val L. Osinski, Coral Springs, for AAA Sod, Inc., a Florida corporation.
GLICKSTEIN, Judge.
This is an appeal by an owner and surety from a final judgment and a cross appeal by the contractor. Having relinquished jurisdiction for the purpose of obtaining findings of fact, in order to effect an informed decision, we also obtained supplemental briefs thereafter  all of which have eliminated the previous uncertainty and have enabled us to reach this decision.
We hold that the trial court did not err in entering judgment for the contractor against the owner, the contractor's complaint having also sought relief not based upon the contractor's claim of lien; and we affirm to that extent.
However, we must reverse the judgment on the bond against the transferee surety. In its original brief, the surety mentioned only cursorily that there were technical barriers to the judgment. Its supplemental brief amplifies, albeit with the same reference to the record as originally, that it was error not to direct a verdict upon the count of the contractor's complaint which sought to foreclose a claim of lien because there was no proof of the *751 contractor's furnishing the final payment affidavit. We agree. See Atlantic Gardens Landscaping, Inc. v. Boca Raton Land Development, Inc., 360 So.2d 1278 (Fla. 4th DCA 1978), and Antonelli Construction Company v. Sanfilippo, 449 So.2d 891 (Fla. 3d DCA 1984). Section 713.06(3)(d)(1), Florida Statutes (1985), requires same of a contractor having one or more subcontractors which are providing, as here, some of the services or materials. The plaintiff in this case had an irrigation subcontractor on the job because plaintiff was not licensed to do that part of the work.
Another effect of the above reversal is upon the question of attorney's fees. It can be seen from our conclusions that the only party entitled to them under section 713.29, Florida Statutes (1985) is the surety as it has prevailed upon the mechanics' lien count.
The contractor is not entitled to attorney's fees against the owner as none of the exhibits attached to its complaint show any contractual basis therefor. Similarly, the owner is not entitled to attorney's fees against the contractor, although it prevailed in defense of the claim based on a lien, because the contractor successfully obtained a money judgment on its other theory. See Schabert v. Montaltos, 445 So.2d 1136 (Fla. 2d DCA 1984).
ANSTEAD and LETTS, JJ., concur.