DAUKSCH, Judge.
Appellant performed engineering services for appellee under an oral contract to design a storm water management system for appellee’s townhouse development. Upon completion of the contract, appellee refused to pay appellant’s final bill claiming appellant breached the oral contract by failing to professionally perform its duties in designing the storm water management system. Appellant sued for foreclosure of a mechanic’s lien and breach of. contract.
We agree with the trial court that the mechanic’s lien was untimely filed and affirm the final judgment as to this count. We reverse the judgment as to the breach of contract count because there is no evidence that appellant breached the contract. The expert testimony was clear and unequivocal that appellant presented appellee with valid engineering alternatives, which were accepted by the city engineers, and performed all services within the standard of care required of professional engineers in the community. In addition, the oral *423 contract did not have an express provision requiring appellant to disclose its sources for the engineering calculations used in the design.
Upon remand, the trial court should enter a judgment in favor of appellant for breach of contract and hold a hearing on damages. Consequently, appellee will no longer be the prevailing party entitled to attorney’s fees under section 713.29, Florida Statutes (1987) because appellant will obtain a money judgment for services under the contract even though it failed to establish a mechanic’s lien. See Plaza Builders, Inc. v. Regis, 502 So.2d 918, 920 (Fla. 2d DCA 1986); Schabert v. Montaltos, 445 So.2d 1136, 1137 (Fla. 2d DCA 1984). The award of attorney’s fees is also reversed.
REVERSED and REMANDED.
SHARP, C.J., and COWART, J., concur.