590 So.2d 429 (1991)
M & P CONCRETE PRODUCTS, INC., Appellant,
v.
Dr. Blaine R. WOODS and Janice H. Woods, Appellees.
No. 90-2444.
District Court of Appeal of Florida, Fourth District.
July 3, 1991.
Charles D. Franken of Charles D. Franken, P.A., Plantation, for appellant.
Elisabeth D. Koslow of Siegfried, Kipnis, Rivera, Lerner, De La Torre & Mocarski, P.A., Coral Gables, for appellees.
DOWNEY, Judge.
This case involves the entitlement to prevailing party attorney's fees in a multi-count suit for damages and to foreclose a mechanics' lien.
Appellant, M & P Concrete Products, Inc. (subcontractor) filed a claim of lien against property owned by appellees, Dr. Blaine R. Woods and Janice H. Woods, (owners) for improvements made to their property. The owners filed a complaint for, among other things, damages for breach of contract and to vacate said lien. After a bench trial, the court entered final judgment, wherein it found that the subcontractor had failed to properly perfect its lien, so the lien was vacated and the owners were declared to be the prevailing parties on the lien claim and entitled to attorney's fees. The judgment further found for the owners on the subcontractor's counterclaim for an equitable lien. Finally, the judgment awarded the subcontractor $2,500 on its counterclaim for damages based on unjust enrichment.
In a post-trial hearing the trial court determined the owners were entitled to attorney's fees of $5,625 as the prevailing party on the mechanics' lien claim made by the subcontractor. From the order allowing attorney's fees, the subcontractor perfected this appeal.
The sole question presented is whether section 713.29, Florida Statutes (1987), authorizes an owner to recover attorney's fees against a lien claimant who failed to recover on his lien claim but who does recover judgment on a related claim for damages.
In the present case the trial court judge found for the owner and against the subcontractor on the latter's claim of a mechanics' lien, but for the subcontractor and against the owner in the amount of $2,500 on the count of the complaint for a money judgment. Under these circumstances the owner cannot be the prevailing party and, therefore, is not entitled to attorney's fees under the statute. Of course, the subcontractor is not entitled to attorney's fees either because he failed to recover on his lien claim. If he had a contract with the owner providing for attorney's fees, he would be entitled to recover contractual attorney's fees, but apparently there was no such contract involved herein.
*430 In a similar case, Schabert v. Montaltos, 445 So.2d 1136 (Fla. 2d DCA 1984), an owner sued the contractor seeking damages for the filing of a fraudulent lien and for slander of title. The contractor counterclaimed seeking foreclosure of a mechanics' lien in Count I and for damages for breach of contract in Count II. The court found that the contractor's lien was not timely filed nor was it fraudulent. However, it found for the contractor on the claim for breach of contract in Count II. The judge there held that the owner was the prevailing party and awarded the owner attorney's fees. The appellate court reversed, stating:
We find that there was sufficient evidence in the record to support the trial court's findings that appellants' claim of lien was untimely filed and was not fraudulent. Further, the appellees did not waive their rights under the contract requiring that any changes therein be in writing. However, we agree with the appellants' contention that the trial court erred in awarding attorney's fees to the appellees [owner] on the basis that they were the prevailing party in the mechanics' lien proceeding. When a contractor fails to establish a mechanics' lien, but obtains a money judgment in the same case, for labor or materials, or both, furnished for the landowner's benefit, the landowner is not entitled to an award of attorney's fees under section 713.29, Florida Statutes (1979). General Development Corp. v. John H. Gossett Construction Co., 370 So.2d 380 (Fla. 2d DCA 1979); Emery v. International Glass and Mfg., Inc., 249 So.2d 496 (Fla. 2d DCA 1971).
445 So.2d at 1137.
The same principle was applied by this court in AAA Sod, Inc. v. Weitzer Corporation, 513 So.2d 750 (Fla. 4th DCA 1987), where the contractor sued in both foreclosure of a lien and for a money judgment against the owner and his surety. The trial court found for the contractor on the count for money judgment and against him on the lien claim. It found for the owner and surety on the lien claim and against the owner on the contractor's claim for money judgment. With regard to attorney's fees the court denied fees to the contractor, denied fees to the owner, and awarded fees to the surety. The rationale apropros here is that the contractor cannot recover fees because he did not recover on the count claiming a lien. The owner cannot recover fees because he was not the prevailing party in view of the contractor's recovery of a money judgment under his counterclaim. The surety recovered attorney's fees because, like the owner, it was successful in defeating the contractor's claim of lien but, unlike the owner, the judgment for damages against the owner was not likewise against the surety. So the surety was the prevailing party under the lien statute.
Finally, the applicable rule in this scenario is spelled out in Winnie v. Buckhalter, 362 So.2d 1014 (Fla. 1st DCA 1978), wherein the court said:
Winnie [the owner] was entitled to recovery of attorney's fees under Section 713.29 as the prevailing party since he successfully resisted the mechanics' lien foreclosure action and was not found otherwise liable for damages in the same case. See, e.g., Charter Development Corp. v. Eversole, 342 So.2d 143 (Fla. 1st DCA 1977); Falovitch v. Gunn & Gunn Construction Co., 348 So.2d 560 (Fla. 3d DCA 1977)... .
Id. at 1015 (emphasis added).
We have carefully considered all of the authorities cited by the owners and find them not controlling here. Accordingly, the order awarding attorney's fees to the owners, appellees, is reversed.
Because we consider the issue involved herein of great public importance, we certify the following question to the Supreme Court of Florida:
IS AN OWNER WHO PREVAILS ON A COMPLAINT BY A CONTRACTOR OR SUB-CONTRACTOR TO ENFORCE A MECHANIC'S LIEN UNDER PART I, CHAPTER 713, FLORIDA STATUTES (1989), ENTITLED TO ATTORNEY'S FEES UNDER 713.29, EVEN THOUGH, IN THE SAME SUIT, THE CONTRACTOR *431 PREVAILED AGAINST THE OWNER ON A CLAIM FOR MONEY DAMAGES FOR BREACH OF THE CONTRACT, BOTH CLAIMS ARISING OUT OF THE SAME TRANSACTION?
DELL, J., concurs.
FARMER, J., concurs specially, with opinion.
FARMER, Judge, concurring specially.
If this were a case of first impression in this district, I should respectfully disagree with my colleagues on their reading of section 713.29, Florida Statutes (1987). The issue being one of statutory construction, the text of the statute itself is of critical importance:
In any action brought to enforce a lien under part I, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions.
It seems rather clear to me from the text that it is the enforcement of a part I, chapter 713 lien which implicates the right to attorney's fees, and not the joinder of that attempted enforcement with another non-statutory cause of action on which the lienor prevails. In other words, the legislature appears to have been concerned with the attempted enforcement of defective liens (as well as the successful enforcement of valid liens) in allowing prevailing party fees.
From the language chosen, one can reasonably infer that the legislature was persuaded that the assertion of an invalid lien might have consequences affecting title to real property which the failed lienor should pay for in attorney's fees. At the same time, it appears to have concluded that those planning on using the device of a chapter 713 lien to force another party to a transaction to pay money, which that party might not otherwise have paid in the absence of the invalid lien claim, might be dissuaded from the attempt by liability for fees.
In either circumstance I can see a valid basis from the statutory text to allow attorney's fees to someone who has successfully fended off a part I, chapter 713 lien, even though that party is also found liable in the same lawsuit to the proponent of the lien on a common law contract or quasi contract claim. Whether to allow such a fee recovery is entirely for the contracting parties or the legislature to make as a policy decision, and not for judges.
As the language of this statute rather clearly says to me that the decision has been made in favor of such fees, if I were free to do so I should entirely agree with the trial judge's award of fees to the owners who prevailed on this subcontractor's lien claim, even though the owners lost on its quasi contract claim. Unfortunately, however, this is not the first time we have construed this statute in this circumstance. I am thus stare-decisis-bound to follow our earlier decision on this point in AAA Sod Inc. v. Weitzer Corporation, 513 So.2d 750 (Fla. 4th DCA 1987), where the owner prevailed on the lien claim but lost on the contract claim and thus lost fees.[1]
Because this is a circumstance frequently occurring in this state, it follows that I fully support the certified question.
NOTES
[1] The second district has made the same construction in Schabert v. Montaltos, 445 So.2d 1136 (Fla. 2nd DCA 1984).