PER CURIAM.
We affirm the order of the trial court denying attorney’s fees to an owner who successfully defended a mechanics lien claim but against whom a judgment on a related breach of contract action was rendered. M & P Concrete Products, Inc. v. Woods, 590 So.2d 429 (Fla. 4th DCA), rev. dismissed, 589 So.2d 294 (Fla.1991). See also AAA Sod, Inc. v. Weitzer Corp., 513 So.2d 750 (Fla. 4th DCA 1987); General Dev. Corp. v. John H. Gossett Const. Co., 370 So.2d 380 (Fla. 2d DCA), cert. denied, 379 So.2d 205 (Fla.1979). We certify the same question as was certified in M & P Concrete Products.
We acknowledge the supreme court’s recent opinion in Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807 (Fla.1992), in which it held that the test for determining who is the prevailing party for purposes of awarding attorney’s fees in a contract action is “to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court.” Id. at 810. It may be that the supreme court will extend that test to cases involving attorney’s fees awarded under section 713.29, Florida Statutes (1991). Indeed there is room in the statute for such an equitable approach. See e.g. S. C.M. Assoc. Inc. v. Rhodes, 395 So.2d 632, 634 n. 2 (Fla. 2d DCA 1981).
However, given the heretofore uniform approach of most courts on this issue, we are loathe to upset this precedent without guidance from our higher authority.
WARNER and POLEN, JJ., and DIMITROULEAS, WILLIAM P., Associate Judge, concur.