626 So.2d 1360 (1993)
A. Paul PROSPERI, Petitioner,
v.
CODE, INC., Respondent.
No. 81232.
Supreme Court of Florida.
November 18, 1993.
*1361 Paul Safran, Jr., Paul Safran, Jr., P.A., Palm Beach, for petitioner.
Richard D. Nadel, Nadel Associates, P.A., Palm Beach Gardens, for respondent.
GRIMES, Justice.
We review Prosperi v. Code, Inc., 609 So.2d 59 (Fla. 4th DCA 1992), in which the court certified the following as questions of great public importance:
IS AN OWNER WHO PREVAILS ON A COMPLAINT BY A CONTRACTOR OR SUB-CONTRACTOR TO ENFORCE A MECHANIC'S LIEN UNDER PART I, CHAPTER 713, FLORIDA STATUTES (1989), ENTITLED TO ATTORNEY'S FEES UNDER 713.29, EVEN THOUGH, IN THE SAME SUIT, THE CONTRACTOR PREVAILED AGAINST THE OWNER ON A CLAIM FOR MONEY DAMAGES FOR BREACH OF THE CONTRACT, BOTH CLAIMS ARISING OUT OF THE SAME TRANSACTION?
DOES THE TEST OF MORITZ V. HOYT FOR DETERMINING WHO IS THE PREVAILING PARTY FOR THE PURPOSES OF AWARDING ATTORNEY'S FEES APPLY TO FEES AWARDED UNDER SECTION 713.29, FLORIDA STATUTES?
Prosperi, 609 So.2d at 59. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
A. Paul Prosperi (owner) hired Code, Inc. (contractor) to make improvements to the owner's real property. The parties had a combination written and oral contract which provided that the owner would periodically make payments to the contractor to reimburse it for payments to subcontractors. The contractor would request payment from the owner by submitting affidavits claiming the amount of reimbursement due. There was no contractual agreement for attorney's fees to be paid to the prevailing party in the event of a lawsuit. A dispute arose over the amount of payment due to the contractor. The contractor left the job, and the owner hired another contractor to finish it.
The contractor filed a complaint against the owner in four counts: (1) foreclosure of a mechanic's lien; (2) breach of contract; (3) quantum meruit; and (4) account stated. The owner counterclaimed for breach of contract arising from the filing of untrue affidavits, failure to account, and incomplete or negligent performance of the contract.
The court denied the claim for mechanic's lien because the contractor had submitted false interim affidavits which failed to state that the contractor had actually withheld ten percent of the payments to the subcontractors. With respect to the claim for breach of contract, the court held that the contract was originally breached by the contractor as a result of filing untrue affidavits and inaccurately accounting to the owner. The court found that $31,898.01 remained unpaid under the contract but that the owner was entitled to a setoff of $14,588.95 for the cost of completion of the contract, certain construction defects, and other expenses incurred as a result of the contractor's leaving the job. The claims based on quantum meruit and account stated were denied.
As a consequence, the court entered judgment in favor of the contractor for $17,309.06 but denied the contractor's claim for attorney's fees. The court also denied the owner's claim for attorney's fees (1) under section 713.29, Florida Statutes (1989), on the premise that he was not the prevailing party and (2) under section 713.31, Florida Statutes (1989), because the fraudulent affidavits were not used as the basis for the lien and the final affidavit correctly stated the amount which was due and owing. At the same time, the court made the following finding:
The Court finds that the greater weight of the evidence has proven that the attorneys fees and costs incurred in this action directly, naturally, and proximately, resulted from the filing of the false affidavits. But for the filing of the false affidavits, Prosperi would have continued to have made all payments due under the contract *1362 and Code would have continued to work on the project until it was properly completed.
The owner appealed that portion of the judgment which denied him attorney's fees. The district court of appeal affirmed, citing several cases in support of its position. However, the appellate court certified the questions quoted above and made the following observation:
We acknowledge the supreme court's recent opinion in Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807 (Fla. 1992), in which it held that the test for determining who is the prevailing party for purposes of awarding attorney's fees in a contract action is "to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court." Id. at 810. It may be that the supreme court will extend that test to cases involving attorney's fees awarded under section 713.29, Florida Statutes (1991). Indeed there is room in the statute for such an equitable approach. See e.g. S.C.M. Assoc. Inc. v. Rhodes, 395 So.2d 632, 634 n. 2 (Fla. 2d DCA 1981).
Prosperi, 609 So.2d at 59.
Section 713.29, Florida Statutes (1989), provides that in any action brought to enforce a mechanic's lien, the prevailing party is entitled to recover a reasonable attorney's fee. Therefore, had this suit been limited to a claim for a mechanic's lien, there is no question that the owner would be entitled to recover his attorney's fees. A legitimate argument can be made that he ought to recover his attorney's fees anyway, regardless of the fact that the contractor prevailed on other claims for which no attorney's fees are provided. See M & P Concrete Products, Inc. v. Woods, 590 So.2d 429, 431 (Fla. 4th DCA) (Farmer, J., concurring specially), review dismissed, 589 So.2d 294 (Fla. 1991). However, beginning with the case of Emery v. International Glass & Manufacturing, Inc., 249 So.2d 496 (Fla. 2d DCA 1971), the district courts of appeal have developed what is now known as the "net judgment" rule. In Emery, the contractor failed in its efforts to foreclose a mechanic's lien but at the same time recovered a judgment from the owner on the construction contract. In upholding the denial of attorney's fees to the owner, the court said:
[I]t was obviously not the intent of the legislature to award attorneys' fees to a defendant in a mechanics' lien foreclosure merely because he successfully defends against the impression of a lien yet is nevertheless found liable in damages, in the same case, for labor and/or materials furnished for his benefit. To conclude otherwise would be anathema to the purpose of the mechanics' lien law which is to afford the laborer or materialman adequate assurance of being fully compensated for his labor or services.
Emery, 249 So.2d at 500.[1] This principle has been consistently followed in subsequent decisions. M & P Concrete Prods., Inc.; Ahimsa Technic, Inc. v. Lighthouse Shores Town Homes Dev. Co., 543 So.2d 422 (Fla. 5th DCA 1989); AAA Sod, Inc. v. Weitzer Corp., 513 So.2d 750 (Fla. 4th DCA 1987); Plaza Builders, Inc. v. Regis, 502 So.2d 918 (Fla. 2d DCA 1986); Magee v. Bishop Signs, Inc., 458 So.2d 1174 (Fla. 4th DCA 1984); Schabert v. Montaltos, 445 So.2d 1136 (Fla. 2d DCA 1984); General Dev. Corp. v. John H. Gossett Constr. Co., 370 So.2d 380 (Fla. 2d DCA), cert. denied, 379 So.2d 205 (Fla. 1979); First Atl. Bldg. Corp. v. Neubauer Constr. Co., 352 So.2d 103 (Fla. 4th DCA 1977).
While this is the first time our Court has addressed the net judgment rule, we feel compelled to give substantial deference to the long line of precedent which supports the rule. At the same time, we must consider whether the rule has been affected by our recent decision in Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807 (Fla. 1992). That case involved a dispute in which the Moritzes were deemed to have breached the contract *1363 but at the same time obtained the return of deposit monies which exceeded the amount of damages awarded to Hoyt on his counterclaim. This Court was called upon to determine who prevailed under the contract provision for attorney's fees when the party who breached the contract recovered the larger portion of the sum in dispute. In affirming the trial court's order awarding attorney's fees to Hoyt, we adopted the following principle:
It is our view that the fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court. Given the circumstances of this record, we find that the trial judge was within his discretion to grant Hoyt's motion for attorney's fees and costs.
Moritz, 604 So.2d at 810.
Moritz is not directly on point because it did not involve a claim calling for the payment of attorney's fees to the prevailing party combined with another claim which did not provide for the payment of attorney's fees. However, Moritz bears significantly upon the instant case because it disapproved Casavan v. Land O'Lakes Realty, Inc., 542 So.2d 371 (Fla. 5th DCA 1989), and Daniels v. Arthur Johannessen, Inc., 496 So.2d 914 (Fla. 2d DCA 1986), each of which had held that the party obtaining the greater award was the prevailing party even though that party rather than the other had breached the contract. We also believe it is significant that in 1977 the legislature amended section 713.29 to provide that the attorney's fees awarded under that section should be taxed as part of costs "as allowed in equitable actions." Ch. 77-353, § 11, at 531, Laws of Fla.
As we see it, the net judgment rule itself was originated as a device to do equity. For example, under most circumstances it would be unfair to require a contractor who recovers the bulk of its claim to pay attorney's fees for failure to meet the technical requirements of the mechanic's lien law. In some of the later cases, however, the net judgment rule appears to have been applied mechanically without regard to the equities. We believe that Moritz now requires a more flexible application. The fact that the claimant obtains a net judgment is a significant factor but it need not always control the determination of who should be considered the prevailing party. We hold that in considering whether to apply the net judgment rule, the trial judge must have the discretion to consider the equities and determine which party has in fact prevailed on the significant issues.
In the instant case, the findings of the trial judge make it clear that he believed that the owner was the innocent party but felt constrained not to award him attorney's fees under a strict application of the net judgment rule. Under the net judgment rule as tempered by equitable principles according to the rationale of our opinion, it is equally clear that the trial judge would have found the owner to be the prevailing party. Therefore, we quash the decision below and remand with directions that attorney's fees be awarded to the owner. We quash the order awarding the contractor appellate attorney's fees and direct that appellate attorney's fees also be awarded to the owner.
The rationale of this opinion precludes us from giving an unqualified affirmative or negative answer to the first certified question. We answer the second certified question in the affirmative. We disapprove of the cases cited herein in support of the net judgment rule only to the extent they may be read to require a strict application of the rule.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.
NOTES
[1] For purposes of this opinion, the net judgment rule comes into play when the claimant fails to foreclose a mechanic's lien but obtains a judgment for the underlying claim which exceeds any claim of the owner. As applied, the rule automatically precludes the owner from recovering attorney's fees under section 713.29. It has no relevance to an award of attorney's fees to the claimant because an unsuccessful lien claimant cannot recover attorney's fees under section 713.29.