# Third District Court of Appeal

## State of Florida

Opinion filed June 21, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1171
Lower Tribunal No. 14-702

_____


**Jonathan Bauer and Vittoria Formentin Bauer,**
Appellants/Cross-Appellees,

vs.

**Ready Windows Sales & Service Corporation,**
Appellee/Cross-Appellant.


An Appeal from the Circuit Court for Miami-Dade County, Michael Hanzman, Judge.

Jonathan Bauer and Vittoria Formentin Bauer, in proper persons.

Steven M. Rosen, for appellee/cross-appellant.


Before LAGOA, SALTER, and FERNANDEZ, JJ.

LAGOA, J.

<u>MOTIONS FOR APPELLATE ATTORNEY'S FEES</u>

Both Appellants, Jonathan Bauer and Vittoria Formentin Bauer ("the Bauers"), and Appellee, Ready Windows Sales & Service Corp. ("Ready Windows"), move for appellate attorney's fees pursuant to Florida Rule of Appellate Procedure 9.400 and section 713.29, Florida Statutes (2016). We deny both motions.

A brief factual history of the case is required before determining whether either party is the "prevailing party" entitled to an award of appellate attorney's fees. On August 7, 2013, the Bauers and Ready Windows entered into a contract for replacement of doors and windows at the Bauers' residence. The contract contained separate amounts for the purchase of the windows and doors, permit filing fees, and installation services, for a total amount due of $24,804.05. The second page of the contract stated that "engineering and permit included."

Ready Windows hired Eduardo Pacheco, who is not a licensed engineer, to prepare a plan for submission to the Miami-Dade County Building Department. The drawing, which was ultimately filed with the application for the building permit, is a two dimensional floor plan indicating the location of each window and door.

In early October 2013, the existing doors and windows in the residence were

replaced with doors and windows provided by Ready Windows. On October 21, 2013, the Bauers gave a written notice of claim pursuant to section 558.004, Florida Statutes (2013), to Ready Windows, identifying numerous defects in the project. The Bauers followed up with amendments to their initial Chapter 558 notice as they became aware of additional defects. Ready Windows returned to the premises on several occasions, but the Bauers claimed that the defects were not corrected and withheld final payment. Ready Windows claimed that it completed its scope of work, with some remaining punch list and post final inspection completion items remaining, but that the Bauers refused to permit them to return to the project.

On November 20, 2013, Ready Windows filed a Claim of Lien pursuant to Chapter 713, Florida Statutes (2013). On January 9, 2014, Ready Windows filed a Complaint to Foreclose Mechanic's Lien and for Other Relief.

After a bench trial, the trial court entered a final judgment, which found that the contract was divisible into particular amounts for the products to be delivered, the permit filing fees, and the installation services. The trial court rejected the Bauers' claim the "engineering" was required to be performed by a licensed engineer who could seal and sign plans—a requirement not imposed by Miami-Dade County for this job. The trial court agreed with Ready Windows that the term "engineer" was used in the contract colloquially and the failure to have a

3

licensed engineer draw plans did not constitute breach of contract. Concerning the windows and doors, the trial court found that the products delivered were in their represented condition, were adequate and fit the spaces for the doors and windows, and that the Bauers received the benefit of their bargain. The trial court, however, found that Ready Windows breached the provision in the contract requiring installation services because it did not adequately, thoroughly, and properly install the doors and windows in the residence. As a result, Ready Windows was not entitled to the $3,600.00 that the contract allocated for installation. The trial court entered final judgment in favor of Ready Windows in the amount of $9,039.05. Both parties filed motions for rehearing, which were denied. The Bauers filed a notice of appeal from the final judgment, and Ready Windows filed a notice of cross-appeal. This Court affirmed the trial court with regard to both the appeal and cross-appeal.

Both the Bauers and Ready Windows filed motions for appellate fees pursuant to Rule 9.400 and section 713.29. Section 713.29 provides:

> In any action brought to enforce a lien or to enforce a claim against a bond under this part, the prevailing party is entitled to recover a reasonable fee for the services of her or his attorney for trial and appeal or for arbitration, in an amount to be determined by the court, which fee must be taxed as part of the prevailing party's costs, as allowed in equitable actions.

4

The Bauers and Ready Windows each argue that they are the prevailing party under section 713.29. We find, however, that pursuant to Trytek v. Gale Industries, Inc., 3 So. 3d 1194 (Fla. 2009), neither party is a prevailing party. In Trytek, one party prevailed, by stipulation, on a construction lien claim before trial but lost on the sole remaining issue argued at trial. Id. at 1196-97. Both parties moved for fees pursuant to section 713.29. The trial court applied the "significant issues" test set forth in Prosperi v. Code, Inc., 626 So. 2d 1360 (Fla. 1993), and found that the party that won the issue litigated at trial was the prevailing party. Id. at 1197. The Fifth District Court of Appeal reversed and certified a question of great public importance. On appeal, the Florida Supreme Court held that the appropriate test to determine the issue of "prevailing party" under section 713.29 is the Moritz[1] and Prosperi "significant issues" test. Id. at 1204. The Florida Supreme Court, however, explicitly rejected "the notion that in every construction lien case the trial court is compelled to find a prevailing party." Id. at 1204 n.13.

---

[1] In Moritz v. Hoyt Enterprises, Inc., 604 So. 2d 807, 810 (Fla. 1992), the Florida Supreme Court held that "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." In Prosperi, the Florida Supreme Court, however, recognized that "the trial judge must have the discretion to consider the equities and determine which party has in fact prevailed on the significant issues." 626 So. 2d at 1363. "[I]t was obviously not the intent of the legislature to award attorneys' fees to a defendant in a mechanics' lien foreclosure merely because he successfully defends against the impression of a lien yet is nevertheless found liable in damages, in the same case, for labor and/or materials furnished for his benefit." Id. at 1362 (quoting Emery v. Int'l Glass and Mfg., Inc., 249 So. 2d 496, 500 (Fla. 2d DCA 1971)).

Instead, the Florida Supreme Court concluded "the possibility that neither party is a 'prevailing party' is consistent with an application of the 'significant issues' test of Moritz and Prosperi" and a

> court has the discretion to make a determination that neither party has prevailed on the significant issues in litigation after a thorough examination of all the factors, including the issues litigated, the amount of the claim versus the amount recovered on the lien, the existence of setoffs and counterclaims by the homeowner, and the amounts offered by either party to resolve the issues prior to the litigation, assuming that those negotiations were not otherwise confidential either by agreement or by statute.

Id. at 1203.

Here both parties moved for an award of appellate attorney fees pursuant to section 713.29 following their respective appeal and cross-appeal. After thoroughly examining the record, under the "significant issues" test of Moritz and Prosperi, we conclude that each party lost on their appeal, while each party successfully defended that part of the judgment in their favor on the other party's cross-appeal. This Court affirmed the trial court's finding that Ready Windows was entitled to receive monies for the products (doors and windows) delivered to the Bauers for their benefit, which was the subject of the Bauers' appeal. This Court further affirmed the trial court's finding that Ready Windows breached the contract with respect to the installation of the doors and windows and affirmed the trial court's award to the Bauers of a set off amount for the installation, which was

6

the subject of Ready Windows' cross-appeal. Because both parties prevailed on significant issues, this Court finds that appellate fees are not warranted for either party.

Motions for appellate fees denied.