200 So.2d 579 (1967)
MORRIS AND ESHER, INC., Appellant,
v.
OLYMPIA ENTERPRISES, INC., Appellee.
No. 67-140.
District Court of Appeal of Florida. Third District.
June 13, 1967.
*580 Leonard Wolf, Miami, for appellant.
Simon, Hays & Grundwerg and Ronald S. Golub, Miami, for appellee.
Millican & Trawick, Sarasota, amicus curiae.
Before PEARSON, CHARLES CARROLL and SWANN, JJ.
PEARSON, Judge.
The main question presented by this interlocutory appeal is whether a general contractor may include in his complaint to foreclose a mechanics' lien the amounts owed to subcontractors on the job when the subcontractors have also filed claims of lien on their own account.
The point arises upon an appeal from an interlocutory order which granted a motion to strike from appellant's complaint the allegations of sums due by the contractor to subcontractors for work performed and for which they had not been paid. The complaint alleged:
"The $9,558.82 claimed by the plaintiff is arrived at in the following manner:

 * * *
 R-B-C Lumber $1,886.27
 * * *
 Alexander Hardware 403.22
 * * *
 Ideal Roofing 1,130.00
 * * *
 Yale Ogron Windows 328.00
 * * *
 Southern Glass Co. 1,545.00
 * * *
 Carlos Painting 650.00
 * * *
 D'Angelo Plastering 1,749.55"

The defendant, appellee, moved to strike six of these items (Yale Ogron Windows was apparently overlooked) upon the ground that the plaintiff is not the real party in interest as to the above listed claims and amounts.
The court, in the order appealed, found:
"4. Subsequent to the filing of the said Claim of Lien and prior to the filing of the Complaint herein, all of the said companies listed in paragraph 3 above filed individual claims of lien on their own behalf, resulting in duplicate claims being filed upon the same demand, and, in fact, Renuart-Bailey-Cheeley *581 Lumber & Supply Company filed an action in the Circuit Court of the 11th Judicial Circuit in and for Dade County, Florida, In Chancery, No. 66C-1230, to foreclose their claim of mechanic's lien against OLYMPIA ENTERPRISES, INC.
"5. MORRIS AND ESHER, INC., in its Complaint herein made Claim of Lien for the following items, among others:

 a) Permits $ 23.00
 b) Blueprints 4.54
 c) Payroll Insurance 508.84
 d) Payment made to plumber 1,000.00
 __________
 $ 1,536.38

"6. The Mechanic's Lien Law, Florida Statutes, § 84, [ch. 84, F.S.A.], does not vest a contractor with any right to represent other lien claimants in a foreclosure of a mechanic's lien; that said law limits the total amount of liens allowed to the amount of the direct contract price and said law does not encompass the attachment of a lien upon realty for the items set forth in Paragraph 5 above, it is thereupon. * * *"
[Emphasis supplied]
Section 84.051 Fla. Stat.,[1] F.S.A., provides as follows:
"84.051 Liens of persons in privity.  A materialman or laborer, either of whom is in privity with the owner, or a contractor who complies with the provisions of this chapter and is subject to the limitations thereof, shall have a lien on the real property improved for any money that shall be owing to him for labor, services or materials furnished in accordance with the direct contract." [Emphasis supplied]
Appellee points out that § 84.301 Fla. Stat., F.S.A., provides that:
"This Chapter shall be cumulative to other existing remedies and nothing contained in this chapter shall be construed to prevent any lienor or assignee under any contract from maintaining an action thereon at law in like manner as if he had no lien for the security of his debt, and the bringing of such action shall not prejudice his rights under this chapter, except as herein otherwise expressly provided."
It is urged that these lien claimants have separated themselves from the interest of the general contractor. Having done so, it is said that they are the real parties in interest and to allow the general contractor to sue for their claims would be a violation of the real party in interest principle.[2]
It is true that there is no express provision in the Florida Mechanics' Lien Law stating that a general contractor has the right to represent other lien claimants in a foreclosure action. There is however a general principle of equity and public policy to avoid a multiplicity of suits.
In the instant case, the court, in its motion to strike, found that one of the subcontractors, materialmen and suppliers filed a suit to foreclose its claim of lien within the statutory limitation. The other claims were not foreclosed. The appellee cannot be obligated to make a double payment since the subcontractors, materialmen and *582 suppliers, having filed their claims of lien, did nothing and elected to await the outcome of this litigation and subsequent payment from the appellant (general contractor), with whom they were in privity. See also section 84.271, Fla. Stat. (1963), F.S.A. Neither the statute nor equity would sanction the appellee avoiding his responsibility of paying for the improvements, either to the unpaid subcontractors, materialmen and suppliers or under its direct contract to the appellant. The appellant was bound by its contract to, in turn, make said payment to its unpaid subcontractors, materialmen and suppliers.
The trial court has the power to require at any time the addition of the subcontractors, materialmen and suppliers as parties plaintiff. See Rule 1.250 Florida Rules of Civil Procedure. At the time of the final hearing, the court may require that the payment of so much of the appellant's claim as is based upon the appellant's unpaid obligations, be paid to the subcontractors.
As to the unpaid lien claimants who did not foreclose their claim § 84.061(3) (h) of Florida Statutes, F.S.A., states:
"Any money paid by the owner on a direct contract, the payment of which is proved to have caused no detriment to any certain lienor, shall be held to have been properly paid as to such lienor * * *."
This procedure will be consistent with an equitable policy protecting the owner from paying more than once and protecting the appellant, general contractor, by inclusion of its indebtedness to the unpaid claimants. The order appealed is reversed as to the claimants who have not instituted suit.
We think that there is a distinction between the position of the lien claimant who has filed a complaint to foreclose its lien and those lien claimants who have not perfected their claims by suit. The lien claimant who has sought to enforce his claim has elected to proceed independently. The order appealed is affirmed as to that claimant. The trial judge may, of course, find it more convenient to try the two suits together. See Rule 1.270 Florida Rules of Civil Procedure.
The appellant also contends that the court erred when it struck the claim of lien for permits, blueprints, payroll insurance, and payment made to the plumber. Appellant argues that these sums are embraced within the Mechanics' Lien Law as services rendered pursuant to the direct contract. No cases were cited in support of this contention and extensive research has produced no case which directly discusses this problem.
A mechanics' lien is entirely statutory in Florida and unless the lien is expressly created by Chapter 84, Fla. Stat., F.S.A., it does not exist. Fell v. Messeroff, Fla.App. 1962, 145 So.2d 238. Section 84.051, Fla. Stat., F.S.A., gives a contractor a lien for any service furnished under the direct contract. To determine whether the above amounts were lienable items we must consider the terms of the direct contract between the owner and contractor. Article 5 of the general conditions of the contract requires the contractor to secure permits. Therefore, the amount expended for permits was a lienable item since it was a service which was provided pursuant to the terms of the direct contract.
The amounts claimed for payroll insurance, blueprints, and plumbing were properly stricken since they did not come within the provisions of the direct contract.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] The Florida Mechanics' Lien Law. This action is governed by the 1963 version of this chapter.
[2] Although not governing at the time of the entry of the order appealed, this cause is now governed by Florida Rules of Civil Procedure (1967 Revision) Rule 1.210(a), 30 F.S.A. The first sentence of this rule is: "(a) Parties Generally. Every action may be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another or a party expressly authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought." This sentence is taken from Rule 17(a) Federal Rules of Civil Procedure.