363 So.2d 125 (1978)
HAWAIIAN INN OF DAYTONA BEACH, INC., a Florida Corporation, and Harkness-Pinkerton, Inc., a Florida Corporation, Appellants,
v.
ROBERT MYERS PAINTING, INC., a Florida Corporation, Appellee (Two Cases).
Nos. FF-64 and FF-65.
District Court of Appeal of Florida, First District.
January 19, 1978.
Opinion on Motion for Rehearing filed October 9, 1978.
William M. Barr of Raymond, Wilson, Conway, Barr & Burrows, Daytona Beach, for appellants.
William A. Parsons of Gosney, Cameron & Parsons, Daytona Beach, for appellee.
*126 PER CURIAM.
By these consolidated appeals we are requested to review final judgments entered in two separate cases, each judgment being in favor of Robert Myers Painting, Inc. and against Hawaiian Inn of Daytona Beach, Inc. and Harkness-Pinkerton, Inc. Each judgment contained additional provisions declaring mechanic's liens against properties owned by Hawaiian Inn of Daytona Beach, Inc. and providing for the foreclosure thereof.
The relevant facts are: Hawaiian Inn of Daytona Beach, Inc., owner, entered into a contract with Snead's Construction Company as general contractor, to construct in accordance with plans and specifications provided by the owner's architect, three motels, only two of which are involved in this appeal. The painting of the motels was subcontracted to Robert Myers Painting, Inc. Without either the customary change order, authorization from the architect or authorization from the owner the general contractor, Snead's Construction Company and the subcontractor Robert Myers Painting, Inc., agreed upon the use of a paint, less expensive, different from that specified in the specifications. The specifications were clear and specific and did not contain the provision sometimes found for the use of materials "substantially equivalent or better". The general contractor, Snead's Construction Company, abandoned the projects whereupon Harkness-Pinkerton took over as general contractor. Robert Myers Painting, Inc. negotiated subcontract agreements with the new general contractor. The specifications (insofar as here material) remained unchanged. Neither did the subcontractor change the paint being used, which, as above stated, was not that called for by the specifications.
Appellee urges that the general contractor is the agent of the owner and that therefore the owner is bound by any changes agreed to by the general contractor. There is no evidence in the record before us to establish such agency.
When an owner avails himself of the services of an architect for the purpose of preparing plans and specifications and thereafter enters into a contract for construction in accordance with those plans and specifications the owner is entitled, in the absence of an agreed change, acquiescence or estoppel, neither of which are sustained by the evidence sub judice, to expect and require construction in accordance with the plans and specifications. It being clear from the record that the paint (and other materials, specifically caulking) used by the painting subcontractor was not as specified we find insufficient basis for the assertion and foreclosure of mechanic's liens: The portions of the final judgments so providing, in favor of appellee Robert Myers Painting, Inc. and against appellant Hawaiian Inn of Daytona Beach, Inc. are reversed.
The relationship between the general contractor and subcontractor is quite another matter. The general contractor entered into a contract with the owner to complete the construction in accordance with the plans and specifications. The owner was entitled to rely upon that contract. The general contractor, on the other hand, selected the subcontractors. It is the obligation of the general contractor to assure himself that the subcontractors are performing their contracts in accordance with the owner's requirements as contained in the plans and specifications. Appellant Harkness-Pinkerton, Inc. failed so to do. It was fully aware of the requirements of the specifications, that there had been no change order and that the materials being used by the subcontractor were not as required by the specifications. There is sufficient evidence in the record, though contradicted, apparently believed by the trier of fact, to sustain the final judgment in favor of Robert Myers Painting, Inc. against Harkness-Pinkerton, Inc. Those portions of the final judgments are therefore affirmed.
The motion for attorney's fees filed by appellee pursuant to Section 713.29 is denied.
Affirmed in part and reversed in part.
McCORD, C.J., and BOYER and MELVIN, JJ., concur.

*127 ON MOTION FOR REHEARING
BOYER, Judge.
Following the filing of our opinion herein appellants, the Hawaiian Inn of Daytona Beach, Inc. and Harkness-Pinkerton, Inc. petitioned for rehearing and for clarification of our said opinion. Finding that further examination of the nine volumes of the record on appeal would be required for us to meaningfully consider the assertions of said petition, we sua sponte ordered appellee to respond to said petition "giving cites to the record in said response". Appellee thereafter filed a paper entitled "Response to Petition for Rehearing" which, however, failed to meet the contentions and allegations of said petition and which failed to contain citations to the record as requested. Appellant thereupon filed a motion to strike the response, correctly pointing out that it did not meet the directions of this court's sua sponte order but that it was, instead, a belatedly filed petition for rehearing. We have refrained from granting that motion but do observe that the response would have been of greater benefit to the court had it met the allegations of appellant's petition and had it contained citations to the record, as directed. In so far as said response might be construed as a petition for rehearing, it was clearly untimely and is therefore denied. We do find, however, that appellant's petition requires expansion and modification of our opinion.
By our original opinion we provided that those portions of the final judgments impressing mechanic's liens and providing for foreclosure thereof were reversed. Appellant accurately brings to our attention that we overlooked and failed to consider that, in accordance with the reservation in the final judgments, the trial court thereafter entered supplementary cost judgments and judgments for attorney's fees pursuant to F.S. 713.29 in favor of Robert Myers Painting, Inc. and against Hawaiian Inn of Daytona Beach, Inc. and that the entry of those judgments was assigned as error. Having reversed the final judgments as to the imposition of mechanic's liens and foreclosure thereof, we also reverse the subsequent judgments for attorney's fees and costs.
It necessarily follows that pursuant to F.S. 713.29, Hawaiian Inn of Daytona Beach, Inc. having prevailed in the actions brought to enforce liens under part one of Chapter 713, Florida Statutes, it is entitled to recover a reasonable fee for the services of its attorneys, which shall be determined and taxed by the trial court upon remand.
Appellants' petition for rehearing also emphasizes that appellant Harkness-Pinkerton, Inc. was not the original general contractor and that the record clearly reveals that a substantial amount of work had been performed on both motels involved on this appeal while Snead's Construction Company was still on the job and appellee Robert Myers Painting, Inc. was looking to it for payment. Upon reexamining the record, we adhere to our recitations in our original opinion regarding the relationship between the general contractor (Harkness-Pinkerton, Inc.) and the sub-contractor (Robert Myers Painting, Inc.) including the finding that there is sufficient evidence in the record, though contradicted, apparently believed by the trier of fact, to sustain a final judgment in favor of Robert Myers Painting, Inc. against Harkness-Pinkerton, Inc. However, we now further find that the amounts of those judgments must be reversed for the reason that the record reveals that the learned trial judge failed to apportion the sums owed to Robert Myers Painting, Inc. in accordance with the amounts to which it became entitled prior to its sub-contract with Harkness-Pinkerton, Inc. and thereafter. Although there is sufficient evidence in the cold record for us to make such apportionment, we have not had the benefit, as did the trial judge, of observing the witnesses, their manner and demeanor to determine the weight and the credibility to be accorded the several aspects of the conflicting evidence.
We accordingly, while adhering to our holding in our original opinion affirming judgments in favor of Robert Myers Painting, Inc. and against Harkness-Pinkerton, Inc., reverse the amounts thereof and remand to the trial judge for reconsideration.
*128 Except as hereby modified, we adhere to our original opinion.
Affirmed in part and reversed in part and remanded for further proceedings consistent herewith.
McCORD, C.J., and MELVIN, J., concur.