PER CURIAM.
Alpha Electric Supply, Inc., a supplier on a construction project, appeals from an adverse summary judgment entered against it in a suit brought against the general contractor, F. Feaster, Inc., and the bonding company on a payment bond issued pursuant to section 713.23, Florida Statutes (1975). We reverse.
Feaster relied upon an affidavit and waiver of lien dated June 10,1977, executed by Alpha, and its own affidavit alleging the waiver was intended by the parties to extinguish all of Alpha’s lien rights on the project. Alpha filed an affidavit alleging the waiver only extinguished its lien rights on the project for materials it supplied before May 25, 1977; that it was the parties’ practice to execute such monthly lien waivers as the project went along for work done the previous month; and that the suit primarily involved materials furnished by Alpha to the project after the date of the waiver.
The waiver was headed:
Partial Payment (Indicate Partial or Final Payment).
It provided that Alpha acknowledged payment in full “to the date of this affidavit and waiver.” It is dated June 10, 1977 at the top, but it was notarized June 28, 1977.
If we were called upon to construe this document (which we are not) we would read it as a “partial” rather than a “final” lien waiver. As a “final” lien waiver the document is at best ambiguous, and its proper construction will depend upon resolution of disputed issues of fact: the understandings and intent of „the parties; and their practice in handling payment for Alpha’s work on this project. The trial court therefore erred in granting summary judgment for the ap-pellees. Hully v. Cape Kennedy Leasing Corp., 376 So.2d 884 (Fla. 5th DCA 1979).
REVERSED and REMANDED.
FRANK D. UPCHURCH and SHARP, JJ., and JAMIESON, FRANCES ANN, Associate Judge, concur.