523 So.2d 1230 (1988)
Winston C. LOFTER, Appellant,
v.
Abdul RASHIDE, Trustee,[1] Appellee.
No. 87-535.
District Court of Appeal of Florida, Third District.
April 19, 1988.
Winston C. Lofter, in pro. per.
Terrence E. Rosenberg, Miami Beach, for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
PER CURIAM.
Winston C. Lofter appeals from a final order of the trial court denying his motion to set aside a default judgment and sale pursuant to a mechanics' lien foreclosure. We reverse upon a finding that discrepancies between the contract and the claim of lien preclude assertion of a mechanics' lien. The description in the retail installment contract concerning the goods sold, services rendered, and materials furnished to Lofter reads in its entirety: "Peach 2 pr." The claim of lien bears the following description: "completely install drapes on traverse rods screwed into the walls." Florida law is clear that "[b]efore the lienor may recover, the owner's contract must call for the furnishing of the particular item. Where the contract is written, the plans and specifications must reflect the *1231 furnishing of the particular materials." 1 S. Rakusin, Florida Mechanics' Lien Manual 3.02 A.1. (Supp. 1988). Where the written contract is at variance with the claim of lien, mechanics' lien jurisdiction will not lie. See Hawaiian Inn of Daytona Beach, Inc. v. Robert Myers Painting, Inc., 363 So.2d 125 (Fla. 1st DCA 1978) (where paint and other materials used by subcontractor were not in accordance with plans and specifications, there was no basis for assertion and foreclosure of mechanics' lien), cert. denied, 370 So.2d 461 (Fla. 1979); Morris & Esher, Inc. v. Olympia Enters., Inc., 200 So.2d 579 (Fla. 3d DCA 1967) (to determine whether amounts reflected in claim of lien covered lienable items, court must consider terms of direct contract between owner and contractor). Entitlement to the protection of the mechanics' lien law requires strict compliance with its terms by one who seeks its protection. Continental Home Parks, Inc. v. Golden Triangle Asphalt Paving Co., 291 So.2d 49, 52 (Fla. 2d DCA), cert. denied, 295 So.2d 632 (Fla. 1974). The sale of Lofter's home is invalid and must be set aside. In addition, "[a] party against whom an erroneous judgment has been made is entitled upon reversal to have his property restored to him by his adversary." Sundie v. Haren, 253 So.2d 857 (Fla. 1971).
The foreclosure sale is set aside, and the cause is reversed and remanded for proceedings consistent with this opinion.
NOTES
[1] Philip Singer was named by the pro se appellant as the appellee. However, he is not a party to this appeal. Singer instituted the foreclosure proceeding below. Abdul Rashide, trustee, was the purchaser at the foreclosure sale and is the appellee in this case.