STONE, Judge.
We reverse, in part, the final judgment and a consohdated judgment for attorney’s fees in this hen foreclosure. The judgments were entered in favor of a subcontractor, Fischer, against the general contractor, Ghck. The subcontractor’s recovery is founded on quantum meruit for earned and unpaid extras and retainage due at the time it left the job because the general refused to pay the sums due.
Upon reviewing the record, we find no error or abuse of discretion in the trial court’s interpretation of the parties’ contract and the court’s conclusion that the contract price did not include certain finished carpentry work which the court found to be an extra requested by the general.
The trial court concluded, resolving conflicting evidence, that the general breached the contract and that certain partial releases of hen furnished by the sub were not intended or understood by either to be waivers of *867 the extras claims. The trial court could also conclude that it was understood that there would be a delay in billing for the extras. See generally J.M. Beeson Co. v. Sartori, 553 So.2d 180, 183 (Fla. 4th DCA 1989); Bryan & Sons Corp. v. Klefstad, 237 So.2d 236, 238 (Fla. 4th DCA 1970). See also Alpha Elec. Supply, Inc. v. F. Feaster, Inc., 386 So.2d 594 (Fla. 5th DCA 1980), rev. denied, 392 So.2d 1374 (Fla.1980). As to these issues, we affirm.
Additionally, we affirm the trial court’s rejection of Appellants’ claims involving the costs to complete the job as Appellant/general contractor was found to be the breaching party. There was no corresponding breach by Appellee/subcontractor and its recovery is based solely on quantum meruit.
We reverse, however, for further proceedings for the limited purpose of resolving the Appellant/general contractor’s claim that the balance it owed the subcontractor should have been offset by certain sums at issue in pending litigation brought by the subcontractor’s subs against the general contractor. Appellee acknowledges that Appellants should not be subjected to double liability on the pending lien claims. See generally Morris & Esher, Inc. v. Olympia Enters., Inc., 200 So.2d 579, 582 (Fla. 3d DCA 1967).[1] We have considered Plaza Builders, Inc. v. Regis, 502 So.2d 918, 922 (Fla. 2d DCA 1986), but deem it inapposite.
On remand, the trial court shall also consider Appellee’s claims, numbered 14 and 15, raised by cross-appeal, for work performed in the three weeks before Appellee left the job. That these claims were earned and not paid appears to be undisputed. The failure of the trial court to consider these claims was raised by timely post-judgment motion in response to Appellants’ motion for rehearing. See Srybnik v. Ice Tower, Inc., 183 So.2d 224 (Fla. 3d DCA), cert. denied, 192 So.2d 493 (Fla.1966). Although Appellee did not deliver releases in advance for these sums as contemplated by the contract, it appears that the claims were not submitted for payment until after the breach and while the parties were in a litigating posture as to the breach of contract. It was apparent that such claims would not be paid while the essential contract issues remained in dispute.
In the consolidated appeal, we affirm as to all issues raised except to the extent that the primary judgment plus interest and attorney’s fees may exceed the amount payable under the surety’s bond. As to the latter, we reverse. On remand, the trial court shall restrict the sums ordered payable by the surety to the amount of its bonded obligation. See Aetna Casualty & Sur. Co. v. Buck, 594 So.2d 280, 283 (Fla.1992). On Appellee’s cross-appeal, we reverse as it is apparent that the amount of attorney’s fees will be subject to modification as a result of the issues to be considered on remand. We also note that there is a forty-five percent cap in accordance with Fischer’s contract with counsel.
DELL and POLEN, JJ., concur.

. We do not consider protection against double recovery as inconsistent with the provisions of section 713.05, Florida Statutes.