STONE, Chief Judge.
We reverse an order granting the petition to enforce mandate of Appellee, Gene B. Glick Co. (“Glick”).
*995 In Gene B. Glick Co., Inc. v. Fischer-McGann, Inc., 667 So.2d 865 (Fla. 4th DCA 1996), this court reversed and remanded based on Glick’s claim that it should be protected from double liability that might result from then pending claims against Glick, a general contractor, by Fiseher-McGann’s subcontractors. Glick had hired Fischer-McGann, Inc. (“Fischer”) as a subcontractor on a construction project, and Fischer, in turn, subcontracted its work to four sub-subcontractors: Causeway Lumber Company (“Causeway”), Sunshine Ready Mix Concrete Company, Inc. (“Sunshine”), LoPresto Concrete Contractors, Inc. (“LoPresto”), and Central Broward Construction, Inc. (“Central”). When Ghck failed to pay Fischer, Fischer could not pay the sub-subcontractors and the sub-subcontractors recorded claims of hens against the property. In order to avoid having their liens lapse, the four sub-subcontractors foreclosed on their hens.
In the initial action between the parties which resulted in the first appeal, the trial court found that Ghck breached its contract with Fischer and entered a judgment in Fischer’s favor. On appeal, this court affirmed the trial court’s interpretation of the contract, its finding of habihty, and its finding that Ghck was not entitled to offset Fischer’s damages by the costs to complete the unfinished work under the contract. Id. at 866-67. There, we said:
We reverse, however, for further proceedings for the limited purpose of resolving the Appellant/general contractor’s [Ghck’s] claim that the balance it owed the subcontractor [Fischer] should have been offset by certain sums at issue in pending litigation brought by the subcontractor’s subs against the general contractor. Appellee acknowledges that Appellant should not be subjected to double habihty on the pending hen claims. See generally Morris & Esher, Inc. v. Olympia Enters., Inc., 200 So.2d 579, 582 (Fla. 3d DCA 1967).(FN1) We have considered Plaza Builders, Inc., v. Regis, 502 So.2d 918, 922 (Fla. 2d DCA 1986), but deem it inapposite.
Id. at 867.
The suits of the four sub-subcontractors ultimately resulted in a judgment in favor of Sunshine and against Ghck for approximately $112,000, a settlement in which Glick would pay Central $12,000, and dismissals with prejudice of both Causeway’s and LoPresto’s claims.
On remand, the trial court entered a judgment in favor of Ghck. The court based its decision on the Morris & Esher opinion cited by us. The trial court found, following a hearing on remand, that the sub-subcontractors were the real parties in interest for money due for the work performed by them. The court stated:
Therefore, as in Morris & Esher, Fischer’s claim must necessarily be reduced by the corresponding amount of the five subcontractor’s claims. Whether Glick ultimately paid all, part or none of the subcontractors’ claims is irrelevant. If the real parties in interest have resolved their claims against Ghck, there is no legitimate basis for Fischer to continue to pursue those claims.... The Court recognizes that based upon this ruling, Ghck' ultimately may pay less than the contract price for the work performed.
As a result, the court found that Ghck was entitled to set-off $313,509.21, the total amount of the four sub-subcontractors’ lien claims, from the $304,497.06 to which Fischer was entitled. Because Ghck’s set-off exceeded Fischer’s judgment, the court found that Fischer was entitled to nothing and entered the judgment in Ghck’s favor.
We recognize that the trial court reduced Fischer’s award by the amount of claims filed by the sub-subcontractors, regardless of whether the Sub-subcontractors successfully recovered from Ghck, based on its interpretation of Morris & Esher. However, the purpose of the remand was simply to reduce Fischer’s award by the amount of Ghck’s loss, if any, to Fischer’s sub-subcontractors. We remanded for a factual and equitable resolution, rather than a legal determination, to ensure that Ghck would not be subjected to double habihty through payment of both the sub-subcontractor’s pending claims and the judgment to Fischer. The trial court was not free on remand to go beyond that purpose. O.P. Corp. v. Village of N. Palm Beach, 302 So.2d 130, 131 (Fla.1974); St. *996 Lucie Harvesting & Caretaking Corp. v. Cervantes, 664 So.2d 7, 8 (Fla. 4th DCA 1995).
The trial court misapplied our reference to Morris & Esher by relying on its primary holding rather than on the narrower proposition for which it was cited, that an owner (or general contractor) should not be subjected to double liability. In this regard, we note our footnote to the citation, which states. “We do not consider protection against double recovery as inconsistent with the provisions of section 713.05, Florida Statutes.” Glick, 667 So.2d at 867. Rather than protect Glick against any double payment that might occur if it were to pay Fischer’s existing judgment before answering to the sub-subcontractors’ claims, the trial court’s application of Morris & Esher allows Glick to avoid its responsibility to make full payment of sums due Fischer, notwithstanding Fischer’s completion of performance. As a result, Glick is unjustly enriched by the trial court’s holding. See Commerce Partnership 8098 L.P. v. Equity Contracting Co., 695 So.2d 383, 389 (Fla. 4th DCA 1997).
With respect to protecting against double payment claims, we note that chapter 67-210, Laws of Florida, amended the 1963 version of the mechanic’s lien law relied on in Morris & Esher. The current statute, section 713.05, Florida Statutes (1997), expressly authorizes contractors to make a claim on behalf of unpaid subcontractors and suppliers. It states:
A contractor may claim a hen for any labor, services, or materials furnished by another lienor for which he or she is obligated to pay the lienor, regardless of the right of the lienor to claim a lien; but if the lienor claims a valid lien, the contractor shall not recover the amount of the lien recovered by the lienor, and the amount of the contractor’s claim of hen may be reduced accordingly by court order, (emphasis added)
We further note that this case is not an application of the mechanic’s hen law. Fischer’s judgment rests on a breach of contract claim.
In conclusion, we find that Ghck is to be credited only with amounts actually recovered by the sub-subcontractors, the $12,000 settlement with Central and the $112,000 judgment for Coastal. This opinion should not be construed as hmiting claims that any sub-subcontractor may have against Fischer. Fischer’s potential liability for such claims, if any, is further support for preventing a windfall to Ghck.
Any additional claim by Ghck is barred by the doctrine of the law of the case. See State v. Owen, 696 So.2d 715, 720 (Fla.1997), cert. denied, — U.S. -, 118 S.Ct. 574, 139 L.Ed.2d 413 (1997). See also Ciffo v. Public Storage Management, Inc., 622 So.2d 1053 (Fla. 4th DCA 1993). Thus, to all other issues raised, we affirm.
GUNTHER and SHAHOOD, JJ., concur.