May, J.
The personal representative of her mother’s estate (“owner”) appeals an adverse final judgment in litigation over the reconstruction of her parents’ home. The mother entered into an agreement with the general contractor for the reconstruction, but neither parent lived to see the completion of the project. Multiple issues have been raised. We find merit in only one involving the interior designer’s invoices. We therefore affirm in part and reverse in part.
A dispute arose after the owner missed payments to the general contractor. The owner indicated there were issues with change orders. The general contractor then provided written notification of a claim and recorded a claim of lien against the property.
After one of the sub-contractors filed suit against the general contractor and owner for nonpayment, the general contractor filed a cross-claim against the owner for breach of contract and foreclosure of its lien. The owner then filed a counter/cross-claim against the general contractor for breach of contract and fraudulent lien. Both the general contractor and owner later moved for involuntary dismissal, which the trial court denied. The case was tried non-jury, resulting in a judgment against the owner.
One change order involved services by the interior designer. The general contractor included the interior designer’s bill in its invoice and ultimately in its lien for unpaid services. However, any costs associated with labor, material, or services that are not required by the direct contract are not lienable. Morris and Esher, Inc. v. Olympia Enters., Inc., 200 So.2d 579, 582 (Fla. 3d DCA 1967). Here, the general contractor’s agreement did not include the interior designer’s services. The interior designer had a separate contract with the mother.
At oral argument, the general contractor’s counsel agreed that the inclusion of the interior designer’s services in the lien was improper because the general contractor’s agreement did not encompass interior design services, and the services were not specifically approved by the owner as required by the contract. We therefore reverse the judgment to the extent of $16,937 awarded for the interior designer’s outstanding invoices. We affirm in all other respects.

Affirmed in part; reversed in part; and remanded for correction of the final judgment.

Damoorgian and Conner, JJ., concur.