IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

HOMES BY DELTONA, INC.,

      Appellant/Cross-Appellee,

v.                                   Case No.  5D16-2025

OUTDOOR SITE SOLUTIONS, LLC,

      Appellee/Cross/Appellant.

_____/

Opinion filed October 6, 2017

Appeal from the Circuit Court
for St. Johns County,
Howard M. Maltz, Judge.

William Douglas Stanford, Jr., Peter A.
Robertson, Thomas J. Tollefsen and Jan C.
Trendowski, of The Robertson Firm, St.
Augustine, for Appellant/Cross-Appellee.

Austin T. Hamilton and T. Geoffrey Heekin,
of Heekin Litigation Group, Jacksonville, for
Appellee/Cross-Appellant.

PALMER, J.

      Homes by Deltona, Inc. (Deltona) appeals, and Outdoor Site Solutions (OSS)

cross-appeals, the final judgment entered by the trial court in favor of OSS. We reverse.

      Deltona owned undeveloped property located in St. Johns County. Deltona

contracted with OSS to provide labor, services, and materials which included fill dirt. OSS

thereafter entered into a verbal contract with Hicks' Trucking and Fill, LLC (Hicks), pursuant to which Hicks agreed to furnish OSS with fill dirt, labor, and services for the Deltona project.

When a dispute arose between Deltona and OSS, OSS ceased work on the project and filed claims of liens for its uncompensated work and materials. Hicks also filed a claim of lien for its sub-contract work on the project.

OSS filed a complaint against Deltona asserting various grounds for relief. As later amended, the complaint included a count for breach of contract. Deltona filed a counterclaim against OSS, asserting that OSS breached the terms of the parties' contract by ceasing to provide additional fill loads for the project. Hicks also filed a complaint against Deltona. It later amended the complaint to assert a claim of unjust enrichment. These two lawsuits were consolidated for purposes of trial.

Upon review of the evidence presented, the jury found that Deltona breached its contract with OSS and that Hicks was entitled to recover on its unjust enrichment claim. The jury awarded OSS $87,180.00 on its breach of contract claim for the unpaid amounts due on the materials delivered. The award represented the 1,338 loads of fill dirt which were supplied on the project at $110.00 per load, minus Deltona's prior payment of $60,000.00. On the unjust enrichment claim, the jury awarded Hicks $75,982.70 in damages for the fill dirt already delivered on the project.

Deltona filed a motion for remittitur arguing, among other things, that the trial court was required to impose a set-off to OSS's recovery so as to avoid Deltona being required to pay for the fill dirt twice: once on OSS's breach of contract claim and once on Hicks'

unjust enrichment claim. Although OSS agreed that double recovery would be improper, it argued that set-off was not the proper means to prevent the double recovery.

The trial court thereafter entered an order denying remittitur but granting set-off on the basis of judicial estoppel, ruling: "[OSS] cannot take now the position that set off is inappropriate after arguing to the jury that the Court would set off any duplicate damages to prohibit double recovery." Thereafter, the trial court entered two separate final judgments: one in favor of Hicks for $88,058.39 (which included costs and interest), and one in favor of OSS for $23,662.77 (which set off the amount of Hicks' verdict and then calculated costs and interest). This appeal and cross-appeal followed.

We conclude that there is no merit in the issues raised by Deltona in this appeal and affirm without further discussion. However, we agree with OSS's argument that the trial court erred in relying on the doctrine of judicial estoppel to reduce the amount of the jury's verdict on OSS's breach of contract claim from $87,180.00 to $11,197.30.

OSS did not argue to the jury that set-off would be applied to prohibit a double recovery. Rather, OSS simply argued that the trial court would be responsible for preventing a double recovery. Specifically, OSS argued: "What happens if we give the verdict to both of these guys? The judge is going to figure that out later."[1] After the verdicts were rendered, OSS sought to structure the final judgment so that it would be awarded full compensation for its damages, but with a provision that prohibited double recovery. Because OSS did not take inconsistent positions on the issue of set-off, the trial court erred in reducing the jury's award based on judicial estoppel.

---

[1] Deltona concedes that the trial court did not accurately summarize what counsel for OSS said to the jury, but argues that the differences are insignificant.

3

Deltona would reap a windfall if it were permitted to avoid the payment of the contractual interest due on the jury's verdict. In this regard, the OSS-Deltona contract provided for the recovery of interest if payment was untimely:

> **Proposal good for 60 days**.
>
> If payment is 30 days or later OSS, LLC reserves the right to charge an 18% finance charge monthly if we so choose. It is also understood any collection fees, including but not limited to lien filing, postage, legal fees, etc., will be charged to property owner if so action is taken.

As such, interest was awardable on the jury's verdict, and the trial court's reduction of the verdict resulted in OSS not receiving the full amount of the contractual interest to which it was entitled. Thus, the trial court erred in reducing the award to OSS on the breach of contract claim. So long as OSS does not collect on its judgment for monies actually paid by Deltona to Hicks for the fill dirt, no double recovery will occur. See Fischer-McGann, Inc. v. Gene B. Glick Co., 715 So. 2d 994, 996 (Fla. 4th DCA 1998).

AFFIRMED in part; REVERSED in part; and REMANDED.

COHEN, C. J., and EVANDER, J., concur.

4